IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re § § HIGHLAND CAPITAL MANAGEMENT, § L.P., § § § Debtor. § | | Chapter 11  Case No. 19-34054-sgj11 |
| § HIGHLAND CAPITAL MANAGEMENT, § L.P., § § Plaintiff, § § v. § § NEXPOINT ADVISORS, L.P., § § Defendant. § § | | Adv. No. 21-03005 |

**BRIEF IN SUPPORT OF DEFENDANT'S**
<u>**MOTION TO WITHDRAW THE REFERENCE**</u>

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Ste. 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I. SUMMARY .......................................................................................................................1

II. BACKGROUND ...............................................................................................................1

III. ARGUMENTS AND AUTHORITIES ..........................................................................3

    A. WITHDRAWAL OF THE REFERENCE ........................................................................3

    B. THE CLAIMS IN THIS ADVERSARY PROCEEDING ARE NON-CORE ............................5

    C. THE DEFENDANT HAS A CONSTITUTIONAL RIGHT TO A TRIAL BY JURY ..................8

    D. OTHER FACTORS ALSO WEIGH IN FAVOR OF WITHDRAWING THE REFERENCE.......11

IV. CONCLUSION ..............................................................................................................12

# TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. § 157 .................................................................................................................4, 6

28 U.S.C. § 1334(b) ..........................................................................................................4, 5

**Cases**

*Dairy Queen v. Wood*, 369 U.S. 469, 473 n. 8 (1962) ........................................................9

*Duncan v. First Nat'l Bank of Cartersville, Ga.*, 597 F.2d 51, 56 (5th Cir. 1979) ..........9

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61 (1989) ............................................7, 8

*Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985) ........4

*In re Capital Assocs. Int'l Inc.*, 2003 Bankr. LEXIS 931 at *23 (Bankr. N.D. Tex. 2003) .........8, 9

*In re Clay*, 35 F.3d 190, 1995, 197-98 (5th Cir. 1994) ................................................5, 11

*In re Craig's Stores of Tex. Inc.*, 266 F.3d 388, 390 (5th Cir. 2001) ...............................8

*In re Dallas Roadster, Ltd.*, 2013 Bankr. LEXIS 4398 (Bankr. E.D. Tex. 2013) .............4

*In re Fang Operators*, 158 B.R. 643, 645 (Bankr. N.D. Tex. 1993) ...............................7

*In re Hallwood Energy*, 2012 Bankr. LEXIS 6066, *12 (Bankr. N.D. Tex. 2012) .........5

*In re Jensen*, 946 F.2d 369, 374 (5th Cir. 1991) ............................................................10

*In re JRjr33, Inc.*, 2020 Bankr. LEXIS 3342 at * 17 (Bankr. N.D. Tex. 2020) .............10

*In re Mirant Corp.*, 316 B.R. 234, 240 (Bankr. N.D. Tex. 2004) ................................6, 7

*In re Satelco, Inc.*, 58 B.R. 781 (Bankr. N.D. Tex. 1986) ...............................................6

*Katchen v. Landy*, 382 U.S. 323 (1965) ........................................................................9, 10

*Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) ..........................................................9, 10

*Mirant Corp. v. Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) ....................5, 10, 11

*Official Comm. Of Unsecured Creditors v. Welsh (In re Phelps Techs.)*,
238 B.R. 819, 826 (Bankr. W.D. Mo. 1999) ...................................................................11

*Seaboard Lumber Co. v. United States*, 903 F.2d 1560, 1563 (Fed. Cir. 1990) ............................... 8

*Stern v. Marshall*, 564 U.S. 462 (2011) ............................................................................... 5, 6, 7

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) ..................................................... 5, 6

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO WITHDRAW THE REFERENCE**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW NexPoint Advisors, L.P., the defendant (the "Defendant") in the above styled and numbered adversary proceeding (the "Adversary Proceeding") commenced by Highland Capital Management, L.P. (the "Plaintiff"), and files this its brief in support of its *Defendant's Motion to Withdraw the Reference* (the "Motion"), respectfully stating as follows:

### I. SUMMARY

1. This is a suit to collect on a promissory note brought by the Plaintiff to augment its bankruptcy estate. As such, this suit is not a core proceeding under the Constitution or applicable statute. It is instead a garden variety state law claim that in no way depends on the Bankruptcy Code for its existence, which must be tried before an Article III court. Additionally, the Defendant has asserted jury rights, which it has under the Seventh Amendment notwithstanding the underlying Bankruptcy Case. The Defendant has not consented to a jury trial before the Bankruptcy Court and it has not consented to the Bankruptcy Court's entry of a final judgment. Accordingly, the reference of this Adversary Proceeding must be withdrawn and this suit must be tried before the District Court and to a jury.

### II. BACKGROUND[1]

2. On October 16, 2019 (the "Petition Date"), the Plaintiff filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, thereby initiating the above styled and numbered Bankruptcy Case. On or about December 4, 2019, the Bankruptcy Case was transferred to this District.

---

[1] References to the *Appendix In Support of Defendant's Motion to Withdraw the Reference* are "APP ___."

3.    On January 22, 2021, the Plaintiff filed its *Complaint for (i) Breach of Contract and (ii) Turnover of Property of the Debtor's Estate*, thereby initiating this Adversary Proceeding.[2] By this Adversary Proceeding, the Plaintiff seeks a money judgment of at least $23,071,195.03 against the Defendant for amounts allegedly unpaid and owing by the Defendant to the Plaintiff under that certain promissory note dated May 31, 2017 in the original principal amount of $30,746,812.33 (the "<u>Note</u>"), alleging a payment default on the Note leading to the acceleration of the Note.[3] The Plaintiff also seeks turnover of property of the estate; *i.e.* the funds allegedly owing on the Note, under section 542(b) of the Bankruptcy Code.[4]

4.    The Defendant timely filed its answer on March 1, 2021.[5] Among other things, the Defendant asserts that the Plaintiff caused the alleged default in payment on the Note, as the Plaintiff, pursuant to a separate contract, was responsible for handling the Defendant's accounting needs and ensuring that the Defendant pays on the Note.[6] Neither this nor any other defense raises any issue under the Bankruptcy Code but, like the underlying claim itself, is a state law defense or affirmative defense. The Defendant has not asserted any counterclaim against the Plaintiff.

5.    The Defendant has asserted its right to a trial by jury.[7] It has not consented to the Bankruptcy Court conducting such trial. The Defendant also has not consented to the Bankruptcy Court issuing a final judgment over any non-core matter.[8]

---

[2]    App. Exh. 1.
[3]    *See id.* at pp. 6-7.
[4]    *See id.* at p. 7.
[5]    App. Exh. 2.
[6]    *See id.* at p. 6.
[7]    *See id.*
[8]    *See id.* at p. 2.

BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE—Page 2

6.      The Defendant filed two general unsecured proofs of claim (the "Proofs of Claim") in the Bankruptcy Case: Claim Number 104 and Claim Number 108.[9] The basis for Claim Number 104 was overpayments made by the Defendant to the Plaintiff under a *Payroll Reimbursement Agreement*.[10] The basis for Claim Number 108 was overpayments made by the Defendant to the Plaintiff under an *Amended and Restated Shared Services Agreement*.[11]

7.      In other words, neither of the Proofs of Claim had anything to do with the Note. Instead, the Proofs of Claim involved two wholly separate, non-integrated agreements. Any consideration of the Note was irrelevant to the Proofs of Claim, and any consideration of the Proofs of Claim was irrelevant to the Note.

8.      On October 10, 2020, the Bankruptcy Court entered its *First Supplemental Order Sustaining First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Document Claims*.[12] Pursuant to this order, the Bankruptcy Court disallowed the Proofs of Claim.

9.      On February 22, 2021, the Bankruptcy Court entered its *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified) and (ii) Granting Related Relief*.[13] By said order, the Bankruptcy Court confirmed the Plaintiff's Chapter 11 plan.[14] As of the filing of the Motion, the Plan has not become effective due to the Plaintiff's agreement to temporarily postpone such effectiveness pending various motions for stay pending appeal of the confirmation order.

---

[9]   App. Exhs. 3 & 4.
[10]  App. Exh. 3 at pp. 6-14.
[11]  App. Exh. 4 at pp. 5-42.
[12]  App. Exh. 5.
[13]  App. Exh. 6.
[14]  *See id*. at pp. 92-161.

### III.   ARGUMENTS AND AUTHORITIES

A.   **WITHDRAWAL OF THE REFERENCE**

10.   The United States District Courts have original, non-exclusive jurisdiction "of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under the [Bankruptcy Code]." 28 U.S.C. § 1334(b). A District Court may refer all such matters to the Bankruptcy Court, and the Bankruptcy Court "may hear and determine all cases under [the Bankruptcy Code] and all core proceedings arising under [the Bankruptcy Code], or arising in a case under [the Bankruptcy Code]" that are so referred. 28 U.S.C. § 157(a)-(b). "A bankruptcy judge may [also] hear a proceeding that is not a core proceeding but that is otherwise related to a case under [the Bankruptcy Code]." 28 U.S.C. § 157(c)(1). "In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court." *Id.*

11.   The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. *See* 28 U.S.C. § 157(d). "[T]he Fifth Circuit stated that in ruling on motions to withdraw the reference for cause, a court should consider several factors, including whether the matter involves core or non-core issues, judicial economy, uniformity in bankruptcy administration, the economical use of the parties' resources, the effect of withdrawal on the goal of expediting the bankruptcy process, and forum shopping." *In re Dallas Roadster, Ltd.*, 2013 Bankr. LEXIS 4398 (Bankr. E.D. Tex. 2013) (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

12.   The Fifth Circuit also suggested that the presence of a jury demand could factor into the Court's decision. *See Holland America*, 777 F.2d at 999. Later, "the Fifth Circuit held that there must be a withdrawal of the reference as to claims to which the right to trial by jury

attach." *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) (citing *In re Clay*, 35 F.3d 190, 1995, 197-98 (5th Cir. 1994)).

**B** **THE CLAIMS IN THIS ADVERSARY PROCEEDING ARE NON-CORE**

13. The Plaintiff's claims are to enforce and collect on a promissory note issued by the Defendant. There is no question that these claims exist outside of, and independent of, the Bankruptcy Code, the Bankruptcy Case, or anything having to do with bankruptcy. They are garden variety claims arising under state law.

14. "Fundamentally, bankruptcy subject matter exists in an action … whenever one of three circumstances exists: (i) the action ***arises under*** the Bankruptcy Code, (ii) the action ***arises in*** a bankruptcy case, or (iii) the action is ***related to*** a bankruptcy case." *In re Hallwood Energy*, 2012 Bankr. LEXIS 6066, *12 (Bankr. N.D. Tex. 2012) (citing 28 U.S.C. § 1334(b)) (emphasis original). "'Arising under' matters have been interpreted to mean those that 'invoke a substantive right provided by title 11.'" *Id.* at *13 (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). "'Arising in' matters have been interpreted to mean those that, by their nature, could only arise in the context of a bankruptcy case and concern the administration of the estate." *Id.* "Meanwhile, the third type of matter over which bankruptcy subject matter jurisdiction may exist, a 'related to' matter, has been interpreted to be that type of matter, the outcome of which could 'conceivably have an effect on the estate being administered in bankruptcy.'" *Id.* (quoting *Wood*, 825 F.2d at 93).

15. The United States Supreme Court has made it clear that the former two types of proceedings are core, whereas the latter type is non-core. *Stern v. Marshall*, 564 U.S. 462 (2011) ("Under our reading of the statute, core proceedings are those that arise in a bankruptcy case or under Title 11."). "Controversies that do not depend on the bankruptcy laws for their existence -- suits that could proceed in another court even in the absence of bankruptcy -- are not core

proceedings." *In re Wood*, 825 F.2d at 96. Nor can the Plaintiff convert its claims into core claims under the argument that the claims are statutorily core because they affect the "liquidation of the assets of the estate." 28 U.S.C. § 157(b)(2)(O). As the Fifth Circuit has made clear, this subsection of the statute cannot be read broadly because, "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings." *In re Wood*, 825 F.2d at 95.

16.     Additionally, the Plaintiff's claims cannot be core claims notwithstanding section 157(b)(2)(O), because doing so would violate the Constitution. As the Supreme Court has made clear, that something may be designated as a core proceeding by statute does not overcome the Constitutional hurdle and prohibition on referring disputes to an Article I court. *See*, *generally*, *Stern*, 564 U.S. 466. A claim that "simply attempts to augment the bankruptcy estate . . . must be decided by an Article III court." *Id*. at 495. As that is all that the Plaintiff seeks to do here by its claims, by collecting on behalf of itself and its estate moneys allegedly owing by the Defendant under a promissory note, that claim must be decided by the District Court and is constitutionally incapable of being a core claim.

17.     With respect to the Plaintiff's turnover claim under section 542 of the Bankruptcy Code, that is a claim arising under the Bankruptcy Code and may, therefore, be a statutory core claim under 28 U.S.C. § 157(b)(2). However, ordering turnover of a disputed debt does not comport with the Constitution under the Supreme Court's decision in *Marathon*. *In re Satelco, Inc.*, 58 B.R. 781 (Bankr. N.D. Tex. 1986). "Unless and until Debtor's claims against the defendants are liquidated in a court of competent jurisdiction or by agreement, they cannot be enforced here through a turnover order." *Id.* at 786; *see In re Mirant Corp.*, 316 B.R. 234, 240 (Bankr. N.D. Tex. 2004) (citing *Satelco*, and distinguishing a separate turnover case, noting that "[t]he court clearly lacks jurisdiction to collect accounts receivable for a debtor"). Turnover under

section 542 of the Bankruptcy Code exists to permit a trustee or debtor-in-possession to compel the return of property to the estate. It does not exist to liquidate a disputed contract or promissory note claim. *See id*.

18. As confirmed by the Bankruptcy Court with respect to both core jurisdiction and a section 542 turnover when the matter involves prepetition amounts owed to a debtor:

> This court held previously that a suit for collection of prepetition accounts receivable is not a core proceeding. . . Judge Abramson rejected the idea that collection of accounts receivable was a core proceeding either under 28 U.S.C. § 157(b)(2)(A) or under 28 U.S.C. § 157(b)(2)(E). . . The Satelco court held that actions to collect prepetition accounts receivable which are based on state law contract principles do not constitute turnover actions under § 157(b)(2)(E) without a final judgment from a court of competent jurisdiction or another binding determination of liability. The court also rejected using § 157(b)(2)(O) as a basis for the bankruptcy court to acquire jurisdiction because doing so would be incompatible with the United States Supreme Court's holding in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 73 L. Ed. 2d 598, 102 S. Ct. 2858 (1982).

*In re Fang Operators*, 158 B.R. 643, 645 (Bankr. N.D. Tex. 1993) (internal citations omitted).

19. Moreover, "Congress cannot eliminate a party's Seventh Amendment right to a jury trial merely by relabeling the cause of action to which it attaches and placing exclusive jurisdiction in an administrative agency or a specialized court of equity." *See Granfinanciera*, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61 (1989). The Court must look through the label of a claim to assess its substance, and there can be no question that a suit to collect a debt from a non-debtor, or for damages for breach of contract, is not a core claim. *Stern*, 564 U.S. at 495.

20. Therefore, not only is asserting a turnover under section 542 of the Bankruptcy Code to collect a promissory note patently improper, doing so does not provide a basis for jurisdiction or convert a non-core matter into a core proceeding. The Court does not have Constitutional authority to decide the Plaintiff's breach-of-contract claim, and invoking section 542 is an impermissible end-run around this limitation.

21.     Finally, the Bankruptcy Court's confirmation of the Plan further reduces its jurisdiction over this Adversary Proceeding, assuming that the Plan will become effective prior to any ruling on the Motion. This is because, upon the confirmation of a Chapter 11 plan, the bankruptcy estate ceases to exist "and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." *In re Craig's Stores of Tex. Inc.*, 266 F.3d 388, 390 (5th Cir. 2001). Whatever bankruptcy jurisdiction may or may not exist upon the effectiveness of the Plan (with respect to which the Defendant reserves all rights), any such jurisdiction is not core for the simple reason that there is no longer an estate being administered.

C.     **THE DEFENDANT HAS A CONSTITUTIONAL RIGHT TO A TRIAL BY JURY**

22.     As an additional or separate basis for the withdrawal of the reference, the Defendant has a Seventh Amendment right to a trial by jury and it has asserted this right in this Adversary Proceeding. Where a party has a Seventh Amendment right to a trial by jury, that right is preserved in bankruptcy and may not be taken away by assigning the matter to an Article I court that sits without a jury. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42-43 (1989). There is no question that a party sued for breach of contract or on a promissory note is entitled to a jury trial under the Seventh Amendment. *See, e.g., In re Capital Assocs. Int'l Inc.*, 2003 Bankr. LEXIS 931 at *23 (Bankr. N.D. Tex. 2003) ("Accordingly, the parties have a Seventh Amendment right to a jury trial on Capital Associates's claim for breach of contract") (*citing Seaboard Lumber Co. v. United States*, 903 F.2d 1560, 1563 (Fed. Cir. 1990)). *Accord Granfinanciera*, 492 U.S. at 56 ("state-law causes of action for breach of contract . . . are paradigmatic private rights, even when asserted by an insolvent corporation in the midst of Chapter 11 reorganization proceedings").

23. There are only two questions. First, whether the turnover action changes this conclusion. Second, whether the Defendant's filing of the Proofs of Claim constituted a waiver of jury rights.

24. On the turnover action, as argued above this is not a proper cause of action.[15] Nevertheless, even if it is construed as a cause of action at present, there is no question that the turnover action turns on the same underlying facts as the breach of contraction action: turnover would ever only be appropriate if the Defendant owed the Plaintiff money, which depends on whether the Defendant has breached a contract with the Plaintiff. In this respect, the law provides that, where there is a claim entitled to a jury trial under the Seventh Amendment and a claim that is not entitled to a jury trial, the jury right "a right to trial by jury exists on all common issues." *In re Capital Assocs. Int'l Inc.*, 2003 Bankr. LEXIS 931 at *29. "The right to jury trial based on the breach of contract claim is controlling." *Id*. (*citing Duncan v. First Nat'l Bank of Cartersville, Ga.*, 597 F.2d 51, 56 (5th Cir. 1979)). As summarized by the Supreme Court: "It is therefore immaterial that the case at bar contains a stronger basis for equitable relief . . . It would make no difference if the equitable cause clearly outweighed the legal . . . As long as any legal cause is involved the jury rights it creates control." *Dairy Queen v. Wood*, 369 U.S. 469, 473 n. 8 (1962).

25. On the question of waiver, it is true that a party filing a proof of claim may waive its jury rights. *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Katchen v. Landy*, 382 U.S. 323 (1965). Cases holding that the filing of a proof of claim waives jury rights support the Defendant's argument, however, that it has not waived its jury rights. Both of the foregoing cases involved a creditor filing a proof of claim and the debtor/trustee responding by asserting a preference claim. Under section 57g of the former Bankruptcy Act and section 502(d) of the

---

[15] The Defendant will add that "Congress cannot eliminate a party's Seventh Amendment right to a jury trial merely by relabeling the cause of action to which it attaches and placing exclusive jurisdiction in an administrative agency or a specialized court of equity." *See Granfinanciera*, 492 U.S. at 61.

Bankruptcy Code, a proof of claim is not allowable unless and until the creditor pays back all avoidable transfers. Thus, in both cases, determining whether the creditor's claim was allowed necessarily turned on determining the preference counterclaim. *Katchen*, 382 U.S. at 330 ("The objection under § 57g is, like other objections, part and parcel of the allowance process and is subject to summary adjudication by the bankruptcy court."); *Langenkamp*, 498 U.S. at 44 ("If the creditor is met … with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity.").

26.     Here, however, the Proofs of Claim have been disallowed by the Bankruptcy Court: there is no more "equitable" claims allowance process and the Plaintiff's claims are not a counterclaim on the Defendant's claims, or *vice versa*. Moreover, "[t]he mere fact that plaintiffs filed proofs of claim in the title 11 cases did not convert the legal claims into equitable claims." *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 121 (N.D. Tex. 2006). The Plaintiff's claims must be "***inextricably intertwined with resolving the proofs of claim themselves*** [before] the bankruptcy court can constitutionally issue final orders/judgments …" *In re JRjr33, Inc.*, 2020 Bankr. LEXIS 3342 at * 17 (Bankr. N.D. Tex. 2020). (emphasis original). Here, the Plaintiff's claims arise under a promissory note, while the Defendant's disallowed claims arose under separate contracts having nothing to do with the Note. The two sets of claims share no common set of facts and the resolution of one is not necessary, legally, factually, or logically, to the resolution of the other.

27.     As the Fifth Circuit has confirmed, jury rights may be lost when the claims "arise as part of the process of allowance and disallowance of claims" or when the claims "are integral to the restructuring of debtor-creditor relations." *In re Jensen*, 946 F.2d 369, 374 (5th Cir. 1991) (internal quotations omitted). The adjudication of the Plaintiff's claims do not involve the claims allowance or disallowance process, since the Proofs of Claim have been disallowed and since the

Plaintiff's promissory note claims have nothing to do with the Defendant's former claims. The Plaintiff's claims are not integral to the restructuring of the debtor-creditor relationship, especially since the Defendant is no longer a creditor with claims subject to restructuring and because the Bankruptcy Court has already confirmed the Plan (and, absent a stay pending appeal, there will no longer even be a bankruptcy estate). Rather, as in *Jensen*, the Plaintiff's claims are "essentially claims brought by the debtor (in possession) against non-creditor third parties to augment the bankruptcy estate." *Id*. As such, jury rights are not lost. *See id*.

28. Accordingly, the Defendant has jury rights with respect to the Plaintiff's claims and the Defendant has not waived those jury rights.[16] As such, the reference must be withdrawn, at least for purposes of the actual trial on the merits of this Adversary Proceeding. *See In re Clay*, 35 F.3d 190, 197-98 (5th Cir. 1994) (granting writ of mandamus and ordering "the district court to withdraw the reference to the bankruptcy court and honor the [] demand for trial by jury before an appropriate United States District Court"); *Mirant*, 337 B.R. at 122 ("there must be a withdrawal of the reference as to claims to which the right to trial by jury attach").

D. **OTHER FACTORS WEIGH IN FAVOR OF WITHDRAWING THE REFERENCE**

29. As argued above, withdrawal of the reference of this Adversary Proceeding is mandatory under the Constitution and to preserve the Defendant's jury rights. To the extent of any discretion, however, various other factors support the immediate withdrawal of the reference.

30. First, the Defendant is not engaging in improper forum shopping. "It is not unacceptable or improper for the Defendant[] to assert [its] right to a jury trial in a forum having proper jurisdiction over [it]." *Official Comm. Of Unsecured Creditors v. Welsh (In re Phelps Techs.)*, 238 B.R. 819, 826 (Bankr. W.D. Mo. 1999). "In fact, it seems to be a perfectly legitimate

---

[16] The Defendant has also expressly not consented to the Bankruptcy Court conducting the jury trial.

defense strategy." *Id.* Second, a jury trial in the District Court being inevitable, it would not serve judicial economy to conduct all pretrial matters in the bankruptcy court. Instead, it would be in everyone's best interest for the District Court to gain familiarity with the case before trying it. Third, there is no concern for the uniformity of bankruptcy administration. This adversary proceeding does not involve any issues unique to bankruptcy on which the Bankruptcy Court's input would be of particular assistance. On the contrary, this is a promissory note case, the type of which the District Court is more familiar with than the Bankruptcy Court. Fourth, there is no reason to believe the parties can more economically use their resources in the Bankruptcy Court versus the District Court. Finally, withdrawing the reference will serve the goal of expediting the bankruptcy process. Rather than having all pretrial decisions subject to *de novo* District Court review, it makes more sense to have the District Court make those decisions in the first instance. All factors are either neutral or favor withdrawing the reference.

31. While the Defendant acknowledges the customary practice in this District that the District Court orders a withdrawal of the reference only when the case is certified as being trial ready, with the Bankruptcy Court handling pretrial matters as a magistrate, because of the jury rights involved and for the other reasons cited above, the Defendant submits that the better result for all litigants and both courts in this instance is for the District Court to immediately withdraw the reference, including over all pretrial matters.

## IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that the District Court enter an order: (i) granting the Motion; (ii) withdrawing from the Bankruptcy Court the reference of this Adversary Proceeding; and (iii) granting the Defendant such other and further relief to which it shows itself to be entitled.

RESPECTFULLY SUBMITTED this the 13th day of April, 2021.

        **MUNSCH HARDT KOPF & HARR, P.C.**

        By: /s/  Davor Rukavina
            Davor Rukavina, Esq.
            Texas Bar No. 24030781
            Julian P. Vasek, Esq.
            Texas Bar No. 24070790
            3800 Ross Tower
            500 N. Akard Street
            Dallas, Texas  75201-6659
            Telephone: (214) 855-7500
            Facsimile: (214) 855-7584
            Email: drukavina@munsch.com

        **COUNSEL FOR NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 13th day of April, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on the Plaintiff through its counsel of record.

        By: /s/  Davor Rukavina
        Davor Rukavina, Esq.