# EXHIBIT 20

John Y. Bonds, III
State Bar No. 02589100
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| v. | § | **Adversary No. 21-03003-sgj** |
| | § | |
| **JAMES D. DONDERO,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT JAMES DONDERO'S OBJECTIONS AND ANSWERS
## TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S
## SECOND SET OF INTERROGATORIES

TO: Highland Capital Management, L.P., by and through its attorneys of record, Zachery Z. Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, Texas 75231.

Defendant James Dondero ("Defendant" or "Dondero") serves his Objections and Answers

to Debtor Highland Capital Management, L.P.'s ("Debtor" or "Highland") Second Set of

Interrogatories ("Requests"), as follows:

Dated: May 7, 2021

Respectfully submitted,

*/Deborah Deitsch-Perez*
John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: john@bondsellis.com
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

-and-

Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on May 7, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

/s/ Michael P. Aigen
Michael P. Aigen

## OBJECTIONS AND ANSWERS[1]

**INTERROGATORY NO. 1:** Identify the "conditions subsequent" referred to in paragraph 40 of the Amended Answer.

 **ANSWER:**

The conditions subsequent referred to in paragraph 40 of the Amended Answer refer to the disposition of the portfolio company interests managed and/or owned, directly or indirectly, by Highland and/or its affiliates or managed funds on a favorable basis or on a basis wholly outside Dondero's control.

**INTERROGATORY NO. 2:** With respect to each Note, identify:

(a) the person who provided legal advice to James Dondero in connection with the

negotiation, drafting, and execution of each Note, if any;

(b) the person who provided legal advice to the Debtor in connection with the negotiation,

drafting, and execution of each Note, if any; and

(c) the person who drafted each Note.

 **ANSWER:**

Dondero objects to this interrogatory to the extent that it seeks privileged information. Subject to this objection, Dondero responds as follows:

Dondero does not know who specifically drafted the Notes, however, he believes they were drafted by an individual in either the Highland legal or finance department.

**INTERROGATORY NO. 3:** Identify the "mutual obligation" referred to in paragraph 41 of the Amended Answer, including (a) the date the mutual obligation was incurred, (b) any documents referring to or reflecting the mutual obligation, (c) the amount of the mutual obligation, (d) any demands made by James Dondero to the Debtor for payment on the mutual obligation.

---

[1] Defendant makes these responses subject in all respects to his Motion for Withdrawal of the Reference [Adv. Dkt. No. 21] and the Motion to Stay Pending the Motion to Withdraw the Reference of Plaintiff's Complaint [Adv. Dkt. No. 22] filed on April 15, 2021. For the reasons stated in the motions, Defendant believes that the reference should be withdrawn and this proceeding stayed while the motion to withdraw the reference is considered. Defendant does not waive, but instead hereby preserves, his right to a jury trial and all rights and requests for relief asserted in the motions. Defendant does not consent to the Bankruptcy Court determining this proceeding or entering final orders or judgments in this proceeding. Defendant requests that the reference be withdrawn and that the District Court adjudicate this proceeding.

**ANSWER:**

Defendant is not pursuing in this action the mutual obligation referred to in paragraph 41 of the Amended Answer, which refers to potential contribution and/or indemnity claims that are largely unliquidated and contingent, and which Dondero cannot identify until all potential claims are resolved.

**INTERROGATORY NO. 4:** Identify every person James Dondero believes has personal knowledge of the alleged mutual obligation referred to in paragraph 41 of the Amended Answer.

**ANSWER:**

James Dondero

Frank Waterhouse

Mark Okada

John Honis

Scott Ellington

**INTERROGATORY NO. 5:** Identify the "debt" referred to in paragraph 41 of the Amended Answer, including (a) the date the debt was incurred, (b) any documents referring to or reflecting the debt, (c) the amount of the mutual obligation, (d) any demands made by James Dondero to the Debtor for payment on the debt.

**ANSWER:**

See Response to Interrogatory No. 3.

**INTERROGATORY NO. 6:** Identify every person James Dondero believes has personal knowledge of the alleged debt referred to in paragraph 41 of the Amended Answer.

**ANSWER:**

See Response to Interrogatory No. 3.

**INTERROGATORY NO. 7:** Identify each provision of each Note that James Dondero contends is ambiguous.

**ANSWER:**

Dondero contends that each Note as a whole is ambiguous because it refers to additional agreements without specifying them.

## **VERIFICATION**

STATE OF TEXAS     )
                           )
COUNTY OF DALLAS   )

On this day, James D. Dondero appeared before me, the undersigned notary public, and upon his oath, certified that he had read Defendant's Objections and Answers to Highland Capital Management, L.P.'s Second Set of Interrogatories and that the facts stated therein are within his personal knowledge and are true and correct.

_____

JAMES D. DONDERO

SWORN TO and SUBSCRIBED before me by James D. Dondero on the 7th day of May, 2021.

_____

Notary Public in and for the State of Texas