Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

COUNSEL FOR NEXPOINT ADVISORS, L.P.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff,<br><br>v.<br><br>NEXPOINT ADVISORS, L.P.<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. No. 21-03005 |

### DEFENDANT'S FIRST AMENDED ANSWER

COMES NOW NexPoint Advisors, L.P. (the "Defendant"), the defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland Capital Management, L.P. (the "Plaintiff"), and files this its *Defendant's First Amended Answer* (the "Answer"), responding to the *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* (the "Complaint").  Where an allegation in the Complaint is not expressly admitted in this Answer, it is denied.

## PRELIMINARY STATEMENT

1. The first sentence of ¶ 1 sets forth the Plaintiff's objective in bringing the Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2. Paragraph 2 contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

3. The Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Case to adjudicate this dispute. Any allegations in ¶ 3 not expressly admitted are denied.

4. The Defendant admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in ¶ 4 not expressly admitted are denied.

5. The Defendant denies that a breach of contract claim is core. The Defendant denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. The Defendant admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*. The Defendant does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Any allegations in ¶ 5 not expressly admitted are denied.

6. The Defendant admits ¶ 6 of the Complaint.

## THE PARTIES

7. The Defendant admits ¶ 7 of the Complaint.

8. The Defendant admits ¶ 8 of the Complaint.

## CASE BACKGROUND

9. The Defendant admits ¶ 9 of the Complaint.

10. The Defendant admits ¶ 10 of the Complaint.

11. The Defendant admits ¶ 11 of the Complaint.

12. The Defendant admits ¶ 12 of the Complaint.

## STATEMENT OF FACTS

### A. The NPA Notes

13. The Defendant admits that it has executed at least one promissory note under which the Debtor is the payee. Any allegations in ¶ 13 not expressly admitted are denied.

14. The Defendant admits ¶ 14 of the Complaint.

15. The Defendant denies ¶ 15 of the Complaint. The document speaks for itself and the quote set forth in ¶ 15 is not verbatim.

16. The Defendant admits ¶ 16 of the Complaint.

17. The Defendant denies ¶ 17 of the Complaint. The document speaks for itself and the quote set forth in ¶ 17 is not verbatim.

18. The Defendant admits ¶ 18 of the Complaint.

### B. NPA's Default under the Note

19. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 19 of the Complaint and therefore denies the same.

20. The Defendant admits that Exhibit 2 to the Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent ¶ 20 of the Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, ¶ 20 of the Complaint is denied.

21. The Defendant admits that it paid the Debtor $1,406,111.92 on January 14, 2021. To the extent not expressly admitted, paragraph 21 of the Complaint is denied.

22. The Defendant admits that Exhibit 3 to the Complaint (the "Second Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent ¶ 22 of the Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, ¶ 22 of the Complaint is denied.

23. To the extent ¶ 23 of the Complaint asserts a legal conclusion, no response is necessary, and it is denied. The Defendant otherwise admits ¶ 23 of the Complaint.

24. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 24 of the Complaint and therefore denies the same.

25. The Defendant denies ¶ 25 of the Complaint.

## FIRST CLAIM FOR RELIEF
**(For Breach of Contract)**

26. Paragraph 26 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

27. Paragraph 27 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 27 of the Complaint and therefore denies the same.

28. Paragraph 28 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 28 of the Complaint and therefore denies the same.

29. Paragraph 29 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 29 of the Complaint and therefore denies the same.

30. The Defendant denies ¶ 30 of the Complaint.

## SECOND CLAIM FOR RELIEF
**(Turnover by HCMFA Pursuant to 11 U.S.C. § 542(b))**

31. Paragraph 31 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

32. Paragraph 32 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 32 of the Complaint and therefore denies the same.

33. Paragraph 33 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 33 of the Complaint and therefore denies the same.

34. The Defendant denies ¶ 34 of the Complaint.

35. Paragraph 35 of the Complaint states a legal conclusion that does not require a response. The Defendant admits that the Plaintiff transmitted the Demand Letter and the Second Demand Letter, and those documents speak for themselves. To the extent ¶ 35 alleges other facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 35 of the Complaint and therefore denies the same.

36. The Defendant denies ¶ 36 of the Complaint.

37. Paragraph 37 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 37 of the Complaint and therefore denies the same.

38. The Defendant denies that the Plaintiff is entitled to the relief requested in the prayer, including parts (i), (ii), and (iii).

## **AFFIRMATIVE DEFENSES**

39. Pursuant to that certain Shared Services Agreement, the Plaintiff was responsible for making payments on behalf of the Defendant under the note. Any alleged default under the note was the result of the Plaintiff's own negligence, misconduct, breach of contract, etc.

40. Delay in the performance of a contract is excused when the party who seeks to enforce the contract caused the delay. It was therefore inappropriate for the Plaintiff to accelerate the note when the brief delay in payment was the Plaintiff's own fault.

41. Furthermore, the Plaintiff was waived the right to accelerate the note and/or the Plaintiff is estopped to enforce the alleged acceleration by accepting payment after the same.

42. Furthermore, the Plaintiff's claims are barred in whole or in part because, prior to any alleged breach or acceleration, the Plaintiff agreed that it would not collect on the note upon fulfilment of certain conditions subsequent. Specifically, sometime between December of the year in which each Note was made and February of the following year, Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed with Mr. James Dondero, acting for Defendant, that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Mr. Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant believes there may be testimony or email correspondence that

discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

## JURY DEMAND

43. The Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

44. The Defendant does not consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully request that, following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the Complaint and provide the Defendant such other relief to which it is entitled.

RESPECTFULLY SUBMITTED this 9th day of August, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 9th day of August, 2021, a true and correct copy of this document was served electronically via the Court's CM/ECF system on the following recipients:

**Zachery Z. Annable**
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
Email: zannable@haywardfirm.com

**Melissa S. Hayward**
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
Email: MHayward@HaywardFirm.com

**Juliana Hoffman**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Email: jhoffman@sidley.com

**Paige Holden Montgomery**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Email: pmontgomery@sidley.com

/s/ Davor Rukavina
    Davor Rukavina, Esq.