

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 23, 2021**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff,<br><br>v.<br><br>NEXPOINT ADVISORS, L.P.<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. No. 21-03005 |

## AGREED PROTECTIVE ORDER

CAME ON FOR CONSIDERATION the *Motion for Entry of Protective Order* [Docket No. 37] (the "Motion"), filed by NexPoint Advisors, L.P. ("NexPoint"), the defendant in the above-referenced adversary proceeding (the "Adversary Proceeding") filed by Highland Capital

Management, L.P. ("Highland" and together with NexPoint, the "Parties"). Based on the Parties' agreement as evidenced by the signatures of counsel below, and the Court otherwise finding that the entry of this Order is lawful and proper, it is hereby:

ORDERED that the Motion is GRANTED in part to the extent specifically provided for herein and otherwise DENIED; it is further

ORDERED that that certain *Agreed Protective Order* entered on January 22, 2020 in the underlying Bankruptcy Case at Docket No. 382 (the "Existing Order"), a copy of which is attached hereto as Exhibit "A," shall apply to this Adversary Proceeding with the same force and effect as though the Existing Order was entered in this Adversary Proceeding, and each reference to the "Bankruptcy Case" in the Existing Order shall be read as this "Adversary Proceeding," and each of NexPoint and the Debtor shall be deemed a "Party" under the Existing Order; it is further

ORDERED that, notwithstanding the foregoing, section 1(b) of the Existing Order shall *not* apply such that information produced by a Party that was already lawfully within the other Party's possession prior to it being furnished by the producing Party may still be designated and treated as Confidential Information or Highly Confidential Information, subject to the terms of the Existing Order; *provided, however,* that this shall in no way prevent any Party from using any such information in this Adversary Proceeding as authorized in the Existing Order and shall instead only prevent the Party from disclosing the same to any third parties (other than as authorized in the Existing Order), the intent being that nothing in the Existing Order limits any Party's ability to use Confidential Information or Highly Confidential Information but protects the same from public release; it is further

ORDERED that this this Order shall apply to any successor-in-interest of any Party, including the Litigation Trustee of the Highland Capital Management, L.P. Litigation Sub-Trust; it is further

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

### END OF ORDER ###

**AGREED:**

| MUNSCH HARDT KOPF & HARR, P.C. | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| /s/ Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Julian P. Vasek, Esq.<br>Texas Bar No. 24070790<br>500 N. Akard Street, Suite 3800<br>Dallas, Texas 75202-2790<br>Telephone: (214) 855-7500<br>Facsimile: (214) 978-4375<br><br>**COUNSEL FOR DEFENDANT** | By: /s/ John A. Morris (*w/ permission*)<br>Jeffrey N. Pomerantz<br>Ira D. Kharasch<br>John A. Morris<br>Gregory V. Demo<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br><br>**COUNSEL FOR PLAINTIFF** |
| **SIDLEY AUSTIN LLP**<br><br>/s/ Paige Holden Montgomery (*w/ permission*)<br>Paige Holden Montgomery<br>Penny P. Reid<br>Juliana L. Hoffman<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 74201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br><br>-and-<br><br>Matthew A. Clemente (admitted *pro hac vice*)<br>Dennis M. Twomey (admitted *pro hac vice*)<br>Alyssa Russell (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>**COUNSEL FOR MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE HIGHLAND CAPITAL MANAGEMENT, L.P. LITIGATION SUB-TRUST** | |

271495913v.1 97661/30030

Docket #0382 Date Filed: 01/22/2020



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 21, 2020**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054 (SGJ) |
| | ) | |
| Debtor. | ) | |

### AGREED PROTECTIVE ORDER

This Agreed Protective Order (the "Order") governs any document, information, or other thing that has been or will be produced or received by a Party (as defined below) in the action *In re Highland Capital Management, L.P.*, Case No. 19-34054 (SGJ) (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas (the "Court") (collectively, the "Discovery Materials"). Discovery Materials include, without limitation, testimony adduced at depositions; responses to interrogatories; responses to requests for admission (and documents produced in connection with such responses); and documents and things produced

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

EXHIBIT "A"

Case 19-34054-sgj11 Doc 582 Filed 01/21/20 Entered 05/21/23 09:16:48 Page 2 of 10

voluntarily or in response to any type of request. "Party" or "Parties" means any person or entity

that (1) produces, (2) designates, (3) receives, formally or informally, or (4) reviews any Discovery

Materials designated as Confidential or Highly Confidential Information, as defined in this Order.

## TERMS OF AGREED ORDER

1.      Confidential Information. As used in this Order, "Confidential Information"

means all documents, data, reports, interpretations, forecasts, financial and business projections,

records, agreements, contracts, business plans, marketing materials and vendor agreements or

programs (whether in oral or written form, electronically stored, or otherwise) containing or

otherwise reflecting information provided by or on behalf of any Party or any of the Parties'

respective Representatives (as defined below) before, on, or after the date hereof, and all

reproductions of such information (whether in written form, electronically stored, or otherwise or

substantially derived from the information described above), that the producing Party reasonably

believes in good faith is confidential or sensitive proprietary, personal, commercial, financial, or

business information or that is otherwise subject to protection under a pre-existing agreement or

applicable law or regulation. Accordingly, for example, "Confidential Information" does not

include information that (a) is or becomes generally available to the public other than as a result

of disclosure by a Party or any of the Parties' Representatives in breach of this Order; (b) was

lawfully within a Party's possession prior to it being furnished to such Party in the Bankruptcy

Case; (c) becomes available to a Party from a source other than the producing Party or any of its

Representatives, provided that such source is not, to such receiving Party's knowledge, bound by

a confidentiality agreement with, or other contractual, legal or fiduciary obligation of

confidentiality to, the producing Party with respect to such information; or (d) is independently

developed by a receiving Party without reference to or reliance upon any information furnished to

such receiving Party by or on behalf of the producing Party.

ACTIVE 253524293

2.      <u>Use and Disclosure of Confidential Information</u>.  Subject to the terms of this

Order, each Party shall (i) keep the Confidential Information confidential in accordance with the

terms of this Order; (ii) not disclose any Confidential Information except in accordance with the

terms of this Order; (iii) not use any Confidential Information in any way other than in connection

with the Bankruptcy Case; and (iv) hold and treat all Confidential Information in confidence and

with the same degree of care that such Party exercises with regard to its own Confidential

Information; *provided, however*, that each Party may disclose any Confidential Information (A) to

any other Party subject to this Order; (B) counsel and other professionals retained by the Official

Committee of Unsecured Creditors of Highland Capital Management, L.P. (the "<u>Committee</u>,");

(C) to any Representative of any Party other than the Committee, which is addressed in paragraph

2(iv)(B); (D) to the extent permitted pursuant to paragraph 9 below; (E) to the United States

Bankruptcy Court for the Northern District of Texas and its personnel; (F) the United States

Trustee for the Northern District of Texas (the "<u>U.S. Trustee</u>"); (G) any person who is indicated

on the face of a document or its related documents to have been an author, addressee or copy

recipient of such document, an actual or intended recipient of such document, or in the case of

meeting minutes, an attendee of the meeting; (H) for purposes of witness preparation, any deponent

or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation

for his or her noticed deposition, hearing, or trial testimony where such material is determined by

counsel in good faith to be necessary to the anticipated subject matter of testimony; (I) in the case

of a deposition, to any court reporter, stenographer, or videographer in attendance; and (J) in

response to a subpoena issued from another court or as otherwise required by law.  For purposes

of this Order, "Representatives" means a Party's parent(s), subsidiaries, affiliates, officers,

ACTIVE 253524293

Case 19-34054-sgj11 Doc 582 Filed 08/31/22/20 Entered 08/05/21 23 09:16:48 Page 4 of 10

directors, employees, contractors, attorneys (whether in-house or outside counsel), financial advisors and other professionals engaged by the Party, or its agents and representatives.

       3.    <u>Highly Confidential Information</u>.  A producing Party may designate information that it reasonably believes in good faith is so personally, economically, or competitively sensitive that (a) disclosure would materially affect or threaten injury to its personal, commercial, or financial interests, and (b) the protections provided to Confidential Information in this Order are insufficient, as being restricted Highly Confidential Information (the "<u>Highly Confidential Information</u>").

       4.    <u>Use and Disclosure of Highly Confidential Information</u>.  Discovery Materials designated as "Highly Confidential" may only be viewed by the people and entities identified in paragraphs 2(iv) (B), (D), (E), (F), (G), (H) (I) or (J).  Discovery Materials designated as "Highly Confidential" may not otherwise be disclosed without the producing Party's prior written consent or further order of the Court.  Highly Confidential Information may be disclosed to the United States Bankruptcy Court for the Northern District of Texas and its personnel as long as the information is filed under seal under the procedures set forth in L.B.R. 9077-1.

       5.    <u>Designating Confidential and Highly Confidential Information</u>.  Where practicable, the producing Party may designate Discovery Materials as Confidential or Highly Confidential by applying the legend "Confidential" or "Highly Confidential" to the Discovery Materials.  In the case of data stored in electronic form ("<u>ESI</u>"), the legend shall be printed on the cover or container of the disk, tape or other medium in which the electronic data is produced and/or on the ESI itself.  If such measures are not practicable, the producing Party shall designate the Discovery Materials as Confidential or Highly Confidential through other feasible means.

4

Case 19-34054-sgj11 Doc 582 Filed 05/21/20 Entered 05/21/20 09:16:48 Page 9 of 10

6. <u>Disputes Over Designation of Confidential Information.</u> In the event that any Party objects to any designation of Discovery Materials as Confidential Information (the "<u>Objecting Party</u>"), the Objecting Party shall notify the producing or designating Party in writing, stating the grounds of the objection. The producing or designating Party shall have ten (10) business days following the receipt of an objection from the Objecting Party of any Confidential Information designation to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should not be treated as Confidential Information. For the avoidance of doubt, the burden of establishing the Confidential nature of any Discovery Materials shall be borne by the producing or designating Party.

7. <u>Disputes Over Designation of Highly Confidential Information.</u> In the event that any Party objects to any designation of Discovery Materials as Highly Confidential Information, the Objecting Party shall notify the other producing or designating Party in writing, stating the grounds of the objection. The producing or designating Party shall have five (5) business days following receipt of an objection from the Objecting Party of any Highly Confidential Information designation to attempt to resolve the objection, at the end of which, if the dispute is not resolved, the producing or designating Party must seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should be treated as Highly Confidential Information. In the absence of such a filing within five (5) business days from the receipt of the objection, the information will be deemed Confidential Information (and not Highly Confidential Information) under this Order. For the avoidance of doubt, the burden of establishing the Highly Confidential nature of any Discovery Materials shall be borne by the producing or designating Party.

ACTIVE 253524293

8. <u>Depositions.</u> During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information or Highly Confidential Information, counsel may require that all persons other than those entitled to view the Confidential Information or Highly Confidential Information, as the case may be, leave the room during the relevant portion of the deposition or interview. Any Party shall have the right to designate on the record, or within ten (10) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Highly Confidential Information. Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked.

9. <u>Legally Required Disclosure.</u> If any Party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process, or by applicable law or the rules or regulations of any regulatory authority having jurisdiction over such Parties) to disclose in connection with a matter that is not the Bankruptcy Case any of the Confidential Information or Highly Confidential Information, such Party shall provide the Party that produced or designated such information with prompt written notice of any such request or requirement so that the producing or designating Party may seek a protective order or other remedy, and/or waive compliance with the provisions of this Order. In the absence of a protective order or other remedy at the time of the deadline for the production of the Confidential Information or Highly Confidential Information (including any extensions of such deadline), the Party may, without liability hereunder, disclose that portion of the Confidential Information or Highly Confidential Information which is legally required to be disclosed.

6

Case 19-34054-sgj11 Doc 3082 Filed 04/22/25 Entered 04/21/22/23 09:46:48 Page 7 of 60

10.     Nothing herein shall prevent the U.S. Trustee from disclosing Discovery Material for civil or criminal law enforcement purposes in compliance with a subpoena or court order, or pursuant to any request under the Freedom of Information Act or other applicable law requiring disclosure, subject to the U.S. Trustee providing prompt notice to the Producing Party as described in Paragraph 9 above.

11.     <u>No Waiver</u>.   The failure to designate any Discovery Materials as Confidential Information or Highly Confidential Information shall not constitute a waiver of such claim.  If at any time any of the Parties believes that certain testimony or some portion of Discovery Materials that was previously produced should have been designated as Confidential Information or Highly Confidential Information, that Party shall promptly notify all of the other Parties who have received such testimony or Discovery Materials in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information or Highly Confidential Information under the terms of this Order.  If such information has been disclosed by a Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information or Highly Confidential Information, such disclosure shall not constitute a violation of this Order.

12.     <u>Claw Back of Inadvertently Produced Protected Materials</u>.  If Discovery Materials protected from disclosure under Federal Rule of Civil Procedure 26(b)(5) ("<u>Protected Materials</u>") are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege

7

ACTIVE 253524293

Case 19-34054-sgj11 Doc 3802 Filed 01/22/25 Entered 01/22/25 09:46:48 Page 8 of 50

or other protection. If the producing Party inadvertently or mistakenly produces Protected Materials, upon written request by the producing Party after the discovery of such inadvertent or mistaken production, the receiving Party shall use all commercially reasonable efforts to return or destroy the Protected Materials and all copies of it, including any work product containing, identifying, or referencing such information, and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information. The Parties shall not use any inadvertently produced Protected Materials, or information gleaned exclusively from any inadvertently produced Protected Materials, in connection with the Bankruptcy Case, except to the extent that the inadvertently producing Party withdraws its designation of the relevant material as Protected Materials or that the Court determines that the relevant material was not properly designated as Protected Materials.

13.     No Bar Against Seeking Further Protection.  Nothing in this Order shall be construed as preventing any Party from seeking further protection for or disclosure of any Discovery Material.

14.     No Admission Regarding Admissibility or Relevancy.  Nothing in this Order shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence.

15.     No Bar to Use of Party's Own Discovery Material.  This Order shall have no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery Material for any purposes whatsoever.

16.     Conclusion of Litigation and Return of Confidential Information.  Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party

ACTIVE 253524293

Case 19-34054-sgj11 Doc 3082 Filed 04/22/25 Entered 04/22/25 09:46:48 Page 9 of 10

or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing Party all materials and documents containing Confidential Information or Highly Confidential Information, and to certify to the producing Party that this destruction or return has been done.  However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Agreed Protective Order.

17.    No Third-Party Beneficiaries.  No Third-Party Beneficiaries.  There are no third-party beneficiaries to this Order.  For the avoidance of doubt, this provision precludes non-Debtor affiliates, and their Representatives, including any entity affiliated with, owned by, or controlled in any way, directly or indirectly, by James Dondero and his affiliates (the "Dondero Parties") from seeking to enforce or rely on this Order in any way, unless any of the Dondero Parties is asked (formally or informally) to produce or receive Discovery Materials thereby becoming a "Party" as defined herein.  The Dondero Parties are subject to the exclusive jurisdiction of this Court.  Nothing in this order shall be deemed to limit third parties (other than the Dondero Parties) who receive a subpoena issued by the Court from seeking to quash or modify that subpoena in the court for the district where compliance is required pursuant to FRCP 45(d).

18.    Exclusive Jurisdiction.  This Court retains exclusive jurisdiction for matters arising from or related to this Order, including but not limited to after confirmation of any plan of reorganization or conversion of this Bankruptcy Case.  The Court further reserves the right to amend this Order upon a motion of any party in interest after notice and a hearing.

[*Remainder of Page Intentionally Left Blank*]

ACTIVE 253524293

Dated:  January 21, 2020

Respectfully submitted,

| PACHULSKI STANG ZIEHL &JONES LLP | SIDLEY AUSTIN LLP |
|---|---|
| */s/ Jeffrey N. Pomerantz* | */s/ Juliana L. Hoffman* |
| Jeffrey N. Pomerantz (CA Bar No.143717) | Penny P. Reid (15402570) |
| (*admitted pro hac vice*) | preid@sidley.com |
| Ira D. Kharasch (CA Bar No. 109084) | Paige Holden Montgomery (24037131) |
| (*admitted pro hac vice*) | pmontgomery@sidley.com |
| Maxim B. Litvak (SBN: 24002482) | Juliana L. Hoffman (24106103) |
| Gregory V. Demo (NY Bar 5371992) | jhoffman@sidley.com |
| (*admitted pro hac vice*) | 2021 McKinney Avenue, Suite 2000 |
| 10100 Santa Monica Blvd., 13th Floor | Dallas, Texas 74201 |
| Los Angeles, CA 90067 | Telephone: (214) 981-3300 |
| Telephone: (310) 277-6910 | Facsimile: (214) 981-3400 |
| Facsimile: (310) 201-0760 | -and- |
| E-mail:    jpomerantz@pszjlaw.com | |
|                ikharasch@pcszjlaw.com | Bojan Guzina (admitted *pro hac vice*) |
|                mlitvak@pszjlaw.com | bguzina@sidley.com |
|                gdemo@pszjlaw.com | Matthew A. Clemente (admitted *pro hac vice*) |
| | mclemente@sidley.com |
| -and- | Dennis M. Twomey (admitted *pro hac vice*) |
| | dtwomey@sidley.com |
| HAYWARD & ASSOCIATES PLLC | Alyssa Russell (admitted *pro hac vice*) |
| | alyssa.russell@sidley.com |
| Melissa S. Hayward | One South Dearborn Street |
| Texas Bar No. 24044908 | Chicago, Illinois 60603 |
| MHayward@HaywardFirm.com | Telephone: (312) 853-7000 |
| Zachery Z. Annable | Facsimile: (312) 853-7036 |
| Texas Bar No. 24053075 | |
| ZAnnable@HaywardFirm.com | *Counsel For the Official Committee of* |
| 10501 N. Central Expy, Ste. 106 | *Unsecured Creditors* |
| Dallas, Texas 75231 | |
| Tel: (972) 755-7100 | |
| Fax: (972) 755-7110 | |

*Counsel and Proposed Counsel for the*
*Debtor and Debtor-in-Possession*

### End of Order ###

ACTIVE 253524293

United States Bankruptcy Court

Northern District of Texas

Highland Capital Management, L.P.,

    Plaintiff                                                                                                      Adv. Proc. No. 21-03005-sgj

NexPoint Advisors, L.P.,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0539-3 | User: mmathews | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Aug 23, 2021 | Form ID: pdf001 | Total Noticed: 5 |

The following symbols are used throughout this certificate:

**Symbol**        **Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 25, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| ust | + | Cheryl Wilcoxson, US Trustee, 1100 Commerce St., Ste. 976, Dallas, TX 75242-0996 |
| dft | + | NexPoint Advisors, L.P., K&L Gates LLP, c/o Stephen G. Topetzes, 1600 K Street, NW, Washington, DC 20006-2806 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: ustpregion06.ty.ecf@usdoj.gov | Aug 23 2021 20:43:00 | US Trustee, Office of the U.S. Trustee, 110 N. College Ave., Suite 300, Tyler, TX 75702-7231 |
| ust | + | Email/Text: ustpregion07.hu.ecf@usdoj.gov | Aug 23 2021 20:43:00 | US Trustee, Office of the US Trustee, 515 Rusk Ave, Ste 3516, Houston, TX 77002-2604 |
| ust | + | Email/Text: ustpregion06.da.ecf@usdoj.gov | Aug 23 2021 20:43:00 | United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-0996 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| ust | | Sandra Nixon, U.S. Trustee |
| ust | | mario zavala |
| ust | *+ | US Trustee, Office of the U.S. Trustee, 110 N. College Ave., Suite 300, Tyler, TX 75702-7231 |

TOTAL: 2 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 25, 2021                           Signature:       /s/Joseph Speetjens

District/off: 0539-3        User: mmathews        Page 2 of 2

Date Rcvd: Aug 23, 2021        Form ID: pdf001        Total Noticed: 5

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 23, 2021 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Davor Rukavina | on behalf of Defendant NexPoint Advisors  L.P. drukavina@munsch.com |
| Julian Preston Vasek | on behalf of Defendant NexPoint Advisors  L.P. jvasek@munsch.com |
| Juliana Hoffman | on behalf of Creditor Committee Official Committee of Unsecured Creditors jhoffman@sidley.com txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com |
| Melissa S. Hayward | on behalf of Plaintiff Highland Capital Management  L.P. MHayward@HaywardFirm.com, mholmes@HaywardFirm.com |
| Paige Holden Montgomery | on behalf of Creditor Committee Official Committee of Unsecured Creditors pmontgomery@sidley.com txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com |
| Zachery Z. Annable | on behalf of Plaintiff Highland Capital Management  L.P. zannable@haywardfirm.com |

TOTAL: 6