



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed September 6, 2021

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Chapter 11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Adversary No.: 21-03005-sgj |
| NEXPOINT ADVISORS, L.P. | § | |
| | § | |
| Defendant. | § | |

## ORDER APPROVING STIPULATION AND AGREED ORDER GOVERNING DISCOVERY AND OTHER PRE-TRIAL ISSUES

Upon consideration of the *Stipulation and Agreed Order Governing Discovery and Other Pre-Trial Issues* [Docket No. 62] (the "<u>Stipulation</u>")[1] entered into between Highland Capital

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

- 1 -

Management, L.P., the reorganized debtor[2] ("Highland") in the above-captioned chapter 11 case ("Bankruptcy Case") and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), and NexPoint Advisors, L.P. ("NexPoint", and together with Highland, the "Parties"), it is **HEREBY ORDERED THAT**:

1. The Stipulation, a copy of which is attached hereto as **Exhibit A**, is **APPROVED**.

2. The Stipulation supersedes any prior stipulation or scheduling order governing the Adversary Proceeding.

3. The Parties shall abide by the following pretrial schedule (the "Joint Pretrial Schedule") pursuant to the Stipulation:

- NexPoint will have until August 30, 2021 to answer or otherwise respond to the First Amended Complaint.

- The Parties will serve written discovery demands (limited to new claims and allegations in the First Amended Complaint) by September 3, 2021.

- The Parties will respond to discovery requests by September 27, 2021 and will also be substantially complete with document production by September 27, 2021.

- Fact depositions will take place between October 1 and October 22, 2021.

- Expert designations and disclosures of all opinions, and the bases therefor, will be made by October 29, 2021, and experts will be deposed between October 29, 2021 and November 8, 2021.

4. The Parties agree that discovery taken in this case will be consolidated with discovery taken in the following adversary proceedings, and all discovery in each of the adversary proceedings will be treated as if it was taken in all of the adversary proceedings listed below so

---

[2] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital* Management, *L.P.*, as modified (the "Plan"). The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].

that each witness will only need to be deposed once and documents produced in any of the proceedings are usable as if received in every other proceeding:

- *Highland Capital Management, L.P. v. James D. Dondero*, Adv. Pro. No. 21-03003;

- *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P.*, Adv. Pro. No. 21-03004;

- *Highland Capital Management, L.P. v. Highland Capital Management Services, Inc.*, Adv. Pro. No. 21-03006; and

- *Highland Capital Management, L.P. v. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)*, Adv. Pro. No. 21-03007.

5. The Joint Pretrial Schedule set forth in this Order shall only be modified in writing signed by the Parties or upon entry of an order of the Court entered upon notice to the Parties.

6. The Court shall retain jurisdiction over all disputes arising out of or otherwise governing the interpretation and enforcement of this Order.

###End of Order###

# EXHIBIT A

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
*Counsel for Defendant NexPoint Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | **Case No. 19-34054-SGJ-11** |
| §  | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | **Chapter 11** |
| § | |
| Debtor. § | |
| § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | |
| § | |
| Plaintiff. § | |
| § | |
| **v.** § | **Adversary No.: 21-03005-sgj** |
| § | |
| **NEXPOINT ADVISORS, L.P.** § | |
| § | |
| Defendant. § | |

**STIPULATION AND AGREED ORDER GOVERNING DISCOVERY**
**AND OTHER PRE-TRIAL ISSUES**

This stipulation and agreed order (the "Stipulation") is entered into between Highland Capital Management, L.P. (the "Debtor") and NexPoint Advisors, L.P. ("NexPoint"). The Debtor and NexPoint are collectively referred to herein as the "Parties."

**RECITALS**

WHEREAS, on **April 13, 2021**, NexPoint filed a Motion to Withdraw the Reference.

WHEREAS, on **July 8, 2021**, the Bankruptcy Court filed its *Report and Recommendation to District Court Proposing that it (A) Grant Defendant's Motion to Withdraw*

- 1 -

*the Reference at Such Time as Bankruptcy Court Certifies that Action is Trial Ready; and (B) Defer Pretrial Matters to Bankruptcy Court* [**Docket No. 40**] (the "Report").

WHEREAS, the Debtor has indicated that it intends to file a First Amended Complaint, asserting additional claims against NexPoint, as well as claims against new defendants, Nancy Dondero and The Dugaboy Investment Trust.

WHEREAS, the Parties intend to complete fact and expert discovery in this adversary proceeding as governed by this Stipulation.

## STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1. This Stipulation supersedes any prior stipulation or scheduling order governing the above-referenced adversary proceeding.

2. The Parties agree to the following deadlines regarding discovery and other pre-trial deadlines:

- The Parties agree that the Debtor will file and NexPoint will not oppose a Motion for Leave to File First Amended Complaint by August 17, 2021, a copy of which has previously been provided by the Debtor to NexPoint. Counsel for NexPoint will accept service of the First Amended Complaint on behalf of NexPoint and the additional defendants named in the First Amended Complaint.

- NexPoint will have until August 30, 2021, to answer or otherwise respond to the First Amended Complaint.

- The Parties will serve written discovery demands (limited to new claims and allegations in the First Amended Complaint) by September 3, 2021.

- The Parties will respond to discovery requests by September 27, 2021 and will also be substantially complete with document production by September 27, 2021.

- Fact depositions will take place between October 1 and October 22, 2021.

- 3 -

- Expert designations and disclosures of all opinions and the bases therefor, will be made by October 29, 2021, and experts will be deposed between October 29, 2021 and November 8, 2021.

3. The Parties agree that discovery taken in this case will be consolidated with discovery taken in the following adversary proceedings and all discovery in each of the adversary proceedings will be treated as if it was taken in all of the adversary proceedings listed below, so that each witness will only need to be deposed once and documents produced in any of the proceedings are usable as if received in every other proceeding:

- *Highland Capital Management, L.P. v. James D. Dondero*, Adv. Pro. No. 21-03003;

- *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P.*, Adv. Pro. No. 21-03004;

- *Highland Capital Management, L.P. v. Highland Capital Management Services, Inc.*, Adv. Pro. No. 21-03006; and

- *Highland Capital Management, L.P. v. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)*, Adv. Pro. No. 21-03007.

IT IS SO STIPULATED.

Dated: August 17, 2021

CONSENTED AND AGREED TO BY:

| | |
|---|---|
| */s/ Davor Rukavina* | */s/ John A. Morris* |
| Davor Rukavina, Esq. | John A. Morris |
| Texas Bar No. 24030781 | NY Bar No. 266326 |
| Julian P. Vasek, Esq. | (*pro hac vice*) |
| Texas Bar No. 24070790 | PACHULSKI STANG ZIEHL & JONES LLP |
| MUNSCH HARDT KOPF & HARR, P.C. | 10100 Santa Monica Blvd., 13th Floor |
| 500 N. Akard Street, Suite 3800 | Los Angeles, CA 90067 |
| Dallas, Texas 75202-2790 | Telephone: (310) 277-6910 |
| Telephone: (214) 855-7500 | Email: jmorris@pszjlaw.com |
| Facsimile: (214) 978-4375 | |
| Email: drukavina@munsch.com | **ATTORNEYS FOR DEBTOR** |
| Email: jvasek@munsch.com | **HIGHLAND CAPITAL MANAGEMENT, L.P.** |
| **ATTORNEYS FOR DEFENDANT NEXPOINT ADVISORS, L.P.** | |

| | |
|---|---|
| */s/ Michael P. Aigen* | */s/ Douglas S. Draper* |
| Deborah Deitsch-Perez | Douglas S. Draper |
| Texas State Bar No. 24036072 | LA Bar No. 5073 |
| Michael P. Aigen | (*pro hac vice*) |
| Texas State Bar No. 24012196 | HELLER, DRAPER & HORN, L.L.C. |
| STINSON LLP | 650 Poydras Street, Suite 2500 |
| 3102 Oak Lawn Avenue, Suite 777 | New Orleans, LA 70130 |
| Dallas, Texas 75219-4259 | Telephone: (504) 299-3300 |
| Telephone: (214) 560-2201 | Email: ddraper@hellerdraper.com |
| Email: deborah.deitschperez@stinson.com | |
| Email: michael.aigen@stinson.com | **ATTORNEYS FOR THE DUGABOY INVESTMENT TRUST** |
| **ATTORNEYS FOR NANCY DONDERO** | |

- 5 -

## **CERTIFICATE OF SERVICE**

      I certify that on August 17, 2021, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this case.

*/s/ Julian P. Vasek*
Julian P. Vasek