Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

*Counsel for Defendant NexPoint Advisors, L.P.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Adversary No.: 21-03005-sgj |
| | § | |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT NEXPOINT ADVISORS, L.P.'S
<u>ANSWER TO AMENDED COMPLAINT</u>**

Defendant NexPoint Advisors, L.P. ("<u>NexPoint</u>"), a defendant in the above-styled and numbered adversary proceeding (the "<u>Adversary Proceeding</u>") filed by Highland Capital Management, L.P. (the "<u>Plaintiff</u>"), hereby files this Answer (the "<u>Answer</u>") responding to the *Amended Complaint for (I) Breach of Contract and (II) Turnover of Property (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* [Adv. Dkt. 73] (the "<u>Amended Complaint</u>"). Where an allegation in the Amended Complaint is not expressly admitted in this Answer, it is denied.

Exhibit B

## PRELIMINARY STATEMENT

1. The first sentence of paragraph 1 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2. Defendant NexPoint admits that NPA's First Amended Answer speaks for itself. To the extent paragraph 2 contradicts the First Amended Answer, it is denied.

3. Defendant NexPoint denies the allegations in paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied.

5. Paragraph 5 of the Amended Complaint contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

6. Defendant NexPoint admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in paragraph 6 not expressly admitted are denied.

7. Defendant NexPoint admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in paragraph 7 not expressly admitted are denied.

8. Defendant NexPoint denies the allegations contained in paragraph 8 of the Amended Complaint. Defendant NexPoint does not consent to any trial before, or final order entered by, the Bankruptcy Court. Defendant NexPoint demands a trial by jury of all issues so triable.

9. Defendant NexPoint admits the allegations in paragraph 9 of the Amended Complaint.

## THE PARTIES

10. Defendant NexPoint admits the allegations in paragraph 10 of the Amended Complaint.

11. Defendant NexPoint admits the allegations in paragraph 11 of the Amended Complaint.

12. Defendant NexPoint admits the allegations in paragraph 12 of the Amended Complaint.

13. Defendant NexPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the same.

14. Defendant NexPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

## CASE BACKGROUND

15. Defendant NexPoint admits the allegations in paragraph 15 of the Amended Complaint.

16. Defendant NexPoint admits the allegations in paragraph 16 of the Amended Complaint.

17. Defendant NexPoint admits the allegations in paragraph 17 of the Amended Complaint.

18. Defendant NexPoint admits the allegations in paragraph 18 of the Amended Complaint.

19. Defendant NexPoint admits the allegations in paragraph 19 of the Amended Complaint.

### STATEMENT OF FACTS

20. Defendant NexPoint admits that it has executed at least one promissory note under which the Debtor is a payee. Any allegations in paragraph 20 note expressly admitted are denied.

21. Defendant NexPoint admits the allegations in paragraph 21 of the Amended Complaint.

22. Defendant NexPoint denies paragraph 22 of the Complaint. The document speaks for itself and the quote set forth in paragraph 22 is not verbatim.

23. Defendant NexPoint admits the allegations in paragraph 23 of the Amended Complaint.

24. Defendant NexPoint denies paragraph 24 of the Complaint. The document speaks for itself and the quote set forth in paragraph 24 is not verbatim.

25. Defendant NexPoint admits the allegations in paragraph 25 of the Amended Complaint.

26. Defendant NexPoint admits that it did not make a payment under the Note on December 31, 2020. Defendant NexPoint denies that any payment was due under the Note on December 31, 2020. To the extent not expressly admitted, paragraph 26 of the Amended Complaint is denied.

27.     Defendant NexPoint admits that Exhibit 2 to the Amended Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent paragraph 27 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, paragraph 27 of the Amended Complaint is denied.

28.     Defendant NexPoint admits that it paid the Debtor $1,406,111.92 on January 14, 2021, but denies that any payment was due on December 31, 2020 or that this was an attempt to cure a default. To the extent not expressly admitted, paragraph 28 of the Amended Complaint is denied.

29.     Defendant NexPoint admits that Exhibit 3 to the Amended Complaint (the "Second Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent paragraph 29 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, paragraph 29 of the Amended Complaint is denied.

30.     To the extent paragraph 30 of the Amended Complaint asserts a legal conclusion, no response is necessary, and it is denied. The Defendant otherwise admits paragraph 30 of the Amended Complaint.

31.     Defendant NexPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint and therefore denies the same.

32.     Defendant NexPoint denies the allegations in paragraph 32 of the Amended Complaint.

33.     Defendant NexPoint admits that the Debtor filed the Original Complaint in this action on January 22, 2021, as alleged in the first sentence of paragraph 33 of the Amended

Complaint. Defendant NexPoint denies it is liable for the relief requested in the Original Complaint. To the extent not expressly admitted, paragraph 33 of the Amended Complaint is denied.

34. Defendant NexPoint admits the allegations in paragraph 34 of the Amended Complaint.

35. Defendant NexPoint admits the allegations in paragraph 35 of the Amended Complaint.

36. Defendant NexPoint admits that NexPoint's First Amended Answer speaks for itself. To the extent paragraph 36 contradicts the First Amended Answer, it is denied.

37. Defendant NexPoint admits that NexPoint's First Amended Answer speaks for itself. To the extent paragraph 37 contradicts the First Amended Answer, it is denied.

38. Paragraph 38 of the Amended Complaint asserts a legal conclusion to which no answer is required. To the extent of any factual allegation, Defendant NexPoint admits that Mr. Dondero controlled NPA and denies that he controlled the Debtor at the time of the Alleged Agreement.

39. Defendant NexPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint and therefore denies the same.

40. Defendant NexPoint denies the allegations in paragraph 40 of the Amended Complaint.

41. Defendant NexPoint admits that Exhibit 4 to the Amended Complaint is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent paragraph 41 of the Amended Complaint asserts a legal conclusion, no response is required, and

it is denied. To the extent not expressly admitted, paragraph 41 of the Amended Complaint is denied.

42. Paragraph 42 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

43. Paragraph 43 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**FIRST CLAIM FOR RELIEF**
**(against NexPoint)**
**(for Breach of Contract)**

44. Paragraph 44 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

45. Paragraph 45 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

46. Paragraph 46 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

47. Paragraph 47 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

48. Paragraph 48 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

**SECOND CLAIM FOR RELIEF**
**(against NexPoint)**
**(Turnover by NexPoint Pursuant to 11 U.S.C. § 542(b))**

49. Paragraph 49 of the Amended Complaint is a sentence of incorporation that does not require a response and is therefore denied. All prior responses are incorporated herein by reference.

50. Paragraph 50 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

51. Paragraph 51 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

52. Paragraph 52 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

53. Paragraph 53 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. Defendant NexPoint admits that the Plaintiff transmitted the Demand Letter and the Second Demand Letter, and those documents speak for themselves.

54. Paragraph 54 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

55. Paragraph 55 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

**THIRD CLAIM FOR RELIEF**
**(Against NexPoint)**
**(Avoidance and Recovery of Actual Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(A) and 550)**

56. Paragraph 56 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

57. Paragraph 57 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

58. Paragraph 58 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

59. Paragraph 59 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

60. Paragraph 60 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

61. Paragraph 61 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

**FOURTH CLAIM FOR RELIEF**
**(Against NexPoint)**
**(Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. § 544(b) and 550, and Tex. Bus. & C. Code § 24.005(a)(1))**

62. Paragraph 62 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

63. Paragraph 63 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

64. Paragraph 64 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

65. Paragraph 65 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

66. Paragraph 66 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. To the extent of any factual allegation, it is denied.

**FIFTH CLAIM FOR RELIEF**
**(Against Dugaboy Investment Trust and Nancy Dondero)**
**(For Declaratory Relief: -- 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001)**

67. Paragraph 67 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

68. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

69. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

70. Paragraph 70 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

### SIXTH CLAIM FOR RELIEF
**(Against Dugaboy Investment Trust and Nancy Dondero)**
**(Breach of Fiduciary Duty)**

71. Paragraph 71 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

72. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

73. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

74. This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

### SEVENTH CLAIM FOR RELIEF
**(Against James Dondero and Nancy Dondero)**
**(Aiding and Abetting a Breach of Fiduciary Duty)**

75. Paragraph 75 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

76. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

77. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

78. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

79. This claim is only asserted against Defendants James Dondero and Nancy Dondero. Therefore, Defendant NexPoint is not required to respond to this claim.

Defendant NexPoint denies that the Plaintiff is entitled to the relief requested in the prayer, including as to parts (i), (ii), (iii), (iv), (v), (vi), (vii) and (iii) [sic].

## AFFIRMATIVE DEFENSES

80. Pursuant to that certain Shared Services Agreement, the Plaintiff was responsible for making payments on behalf of the Defendant under the note. Any alleged default under the note was the result of the Plaintiff's own negligence, misconduct, breach of contract, etc.

81. Delay in the performance of a contract is excused when the party who seeks to enforce the contract caused the delay. It was therefore inappropriate for the Plaintiff to accelerate the note when the brief delay in payment was the Plaintiff's own fault.

82. Furthermore, the Plaintiff has waived the right to accelerate the note and /or the Plaintiff is estopped to enforce the alleged acceleration by accepting payment after the same.

83. Furthermore, the Plaintiff's claims are barred in whole or in part because, prior to any alleged breach or acceleration, the Plaintiff agreed that it would not collect on the note upon fulfilment of certain conditions subsequent. Specifically, sometime between December of the year in which each Note was made and February of the following year, Defendant Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Defendant James Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant NexPoint believes there may be testimony or email correspondence that discusses the

existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

84. Defendant NexPoint asserts that any fraudulent transfer claim is barred because NexPoint acted in good faith, without knowledge of any alleged avoidability, and because reasonably equivalent value was provided for any alleged transfer or obligation.

85. Defendant NexPoint asserts that any fraudulent transfer claim is barred because no transferor or transferee, or obligor or obligee, was insolvent.

86. To the extent of any avoidance, NexPoint asserts a lien under 11 U.S.C. § 548(c) to the extent that NexPoint gave value, and a similar preference lien under any applicable provision of the Texas Uniform Fraudulent Transfer Act.

## JURY DEMAND

87. Defendant NexPoint demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

88. Defendant NexPoint does **not** consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant NexPoint respectfully requests that, following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the Amended Complaint and provide Defendant NexPoint such other relief to which it is entitled.

RESPECTFULLY SUBMITTED this 1st day of September, 2021.

                          **MUNSCH HARDT KOPF & HARR, P.C.**

                          By: /s/  Davor Rukavina
                                Davor Rukavina, Esq.
                                Texas Bar No. 24030781
                                Julian P. Vasek, Esq.
                                Texas Bar No. 24070790
                                3800 Ross Tower
                                500 N. Akard Street
                                Dallas, Texas  75201-6659
                                Telephone: (214) 855-7500
                                Facsimile: (214) 855-7584
                                Email: drukavina@munsch.com

                        **COUNSEL FOR NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

                                /s/ Davor Rukavina
                                Davor Rukavina