Dondero - 5-28-2021

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

In re: )
)
HIGHLAND CAPITAL ) Case No.
MANAGEMENT, LP, ) 19-34054 L.P.
) Chapter 11
Debtor, )
--------------------------------)
HIGHLAND CAPITAL MANAGEMENT, )
LP, )
)
Plaintiff, ) Adversary No.
) 21-03003-sgi
vs. )
)
JAMES D. DONDERO, )
)
Defendant. )

REMOTE DEPOSITION OF

JAMES DONDERO

Pages 103 - 282

Dallas, Texas

Friday, 28th day of May, 2021

Job No. 194690

Reported by:

Daniel J. Skur, Notary Public and CSR

**Exhibit 8**

Dondero - 5-28-2021

28th day of May, 2021

9:33 a.m. - 1:59 p.m.

Remote Deposition of JAMES DONDERO, located in Dallas, Texas, before Daniel J. Skur, Notary Public and Certified Shorthand Reporter in and for the State of Texas located in Waxahachie, Texas.

Dondero - 5-28-2021

A P P E A R A N C E S:

Pachulski Stang Ziehl & Jones
Attorney(s) for Debtor
780 Third Avenue

New York, New York 10017

BY: John Morris, Esq.

Gregory Demo, Esq.

Stinson
Attorney(s) for The Witness
3102 Oak Lawn Avenue

Dallas, Texas 75219

BY: Deborah Deitsch-Perez

Michael Aigen, Esq.

Paul Lackey, Esq.

Sidley Austin
Attorney(s) for The Committee
2021 McKinney Avenue

Dallas, Texas 75201

BY: Paige Montgomery, Esq.

ALSO PRESENT:

Davor Rukavina, NexPoint

La Asia Canty

Dondero - 5-28-2021

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties herein, that filing and sealing be and the same are hereby waived.

IT IS FURTHER STIPULATED AND AGREED that all objections, except as to the form of the question, shall be reserved to the time of the trial.

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be sworn to and signed before any officer authorized to administer an oath, with the same force and effect as if signed and sworn to before the Court.

- oOo -

P R O C E E D I N G S

REMOTE ORAL DEPOSITION OF

JAMES DONDERO

(REPORTER NOTE: This deposition is being conducted remotely in accordance with the Current Emergency Order regarding the COVID-19 State of Disaster.

Today's date is the 28th day of May, 2021. The time is 9:33 a.m. Daylight Savings Time. The witness is located in Dallas, Texas.)

JAMES DONDERO,

having been duly cautioned and sworn to tell the truth, the whole truth and nothing but the truth, testified as follows:

(9:33 A.M.)

EXAMINATION

BY MR. MORRIS:

Q. Good morning, Mr. Dondero.

A. Morning.

Q. It's John Morris, again, from Pachulski on behalf of the debtor. We're here for your deposition today.

Do you understand that?

Dondero - 5-28-2021

BY MR. MORRIS:

Q. Mr. Dondero, can you describe for me -- withdrawn.

Did you discuss with your sister Nancy, the agreement that's referred to in paragraph 40?

A. The agreement to subsequent conditions, yes, absolutely. But this agreement that's on the screen, I've never -- I've never -- I've never shown her this document or talked to her about it.

Q. I'm not asking about the document. I'm not asking about the document. I'm asking about the agreement that's referred to in paragraph 40.

Do you understand that?

A. Yes. And, yes, we had several conversations about it.

Q. Okay. Can you describe for me everything you remember about your discussions with Nancy concerning the agreement that's referred to in paragraph 40?

A. That the loans that were in place would be forgiven upon a monetization -- the

favorable monetization of certain large or liquid assets on the Highland balance sheet; and the three that were focused on was MGM, Trussway, and Cornerstone.

Q. Did she say anything in response?

A. Just, "How much are we talking about?" And I told her it was about 9 million in aggregate, and -- and I told her that it was -- that the forgiveness or the compensation was compliant regarding any credit covenants or Hunter Mountain covenants --

Q. Do you recall any --

A. -- that -- that if it were to be forgiven, that additional compensation would be compliant or permitted and really not material relative to any outstanding credit agreements that Highland had or agreements with Hunter Mountain.

Q. Is this something that you discussed with her, or is this just information that you're giving me?

A. This is what I discussed -- that's almost the entirety of the conversation. It happened over a couple different conversations,

but...

Q. Did anybody participate in any of the conversations you're describing other than you and your sister?

A. I don't believe it was necessary, it didn't include anybody else.

Q. Okay. Again, I'm not here to question. I'm just looking for facts, Mr. Dondero.

So nobody participated in any of these conversations that you can recall other than you and Nancy; is that correct?

A. Correct, that I -- yes, there was never a third party involved in our conversations. I don't know -- I don't think she discussed it with anybody else, but I don't know.

Q. Did -- was the agreement subject to any negotiation? Did she make any counterproposal of any kind?

A. No. No, I -- again, I believe both of our views at the time was that it was immaterial to Highland overall or any other agreements.

three assets would trigger the conditions subsequent?

A. Correct.

Q. Okay. And who decided whether the asset was sold on a favorable basis?

Who made that decision, under your agreement with Nancy?

A. It was just defined relative to cost, so it was just -- it was just a factual -- there's nothing to decide. It would just be a factual answer.

Q. So, I just want to make sure I understand.

Your agreement with Nancy was that --

A. Yes.

Q. -- that -- all right. Withdrawn.

Your agreement with Nancy in January or February 2019, was that if any of MGM, Cornerstone, or Trussway was sold at cost, the debtor would forgive your obligations under the three notes.

Do I have that right?

MS. DEITSCH-PEREZ: Object to the

Case 21-03005-sgj Doc 91-8 Filed 09/10/21 Entered 09/10/21 19:01:24 Page 51 of 103

Dondero - 5-28-2021

form.

A. If any of them were sold above cost, it would -- monetization would trigger the -- the three notes -- forgiveness of the three notes, yes.

BY MR. MORRIS:

Q. Okay. And I just want to see if I can understand: Did you and Nancy discuss in January or February 2019 how much above cost the sale would have to be in order for the debtor to forgive your obligations under the three notes?

MS. DEITSCH-PEREZ: Object to the form.

A. No. It just had to be above cost, not a amount above cost.

BY MR. MORRIS:

Q. Okay.

A. Because just monetizing it -- just monetizing it and getting liquidity for an illiquid investment, even if it was at cost, is good. So something above cost is great. And those are all big assets, and the notes were small.

Case 21-03005-sgj Doc 91-8 Filed 09/10/21 Entered 09/10/21 21:24:14 Page 51 of 102

Dondero - 5-28-2021

C E R T I F I C A T E

STATE OF TEXAS )
)
COUNTY OF ELLIS )

I, Daniel J. Skur, a Notary Public within and for the State of Texas, do hereby certify:

That JAMES DONDERO, the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by such witness.

That pursuant to Rule 30 of the Federal Rules of Civil Procedure, signature of the witness was not reserved by the witness or other party before the conclusion of the deposition;

I further certify that I am not related to any of the parties to this action by blood or marriage; and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 28th day of May, 2021.

______________________________

Daniel J. Skur
Notary Public, State of Texas.
My Commission Expires 7/7/2022
TSG Reporting, Inc.
228 East 45th Street, Suite 810
New York, New York
(877) 702-9580

Dondero - 5-28-2021

ERRATA SHEET FOR THE TRANSCRIPT OF:

Case Name:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, LP,<br>Debtor, | ) | Case No.<br>19-34054 L.P.<br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, LP,<br><br>Plaintiff,<br>vs.<br>JAMES D. DONDERO,<br>Defendant. | ) | Adversary No.<br>21-03003-sgi |

Dep. Date: 05/28/2021
Deponent: JAMES DONDERO

Reason codes:

1. To clarify the record.
2. To conform to the facts.
3. To correct transcription errors.

CORRECTIONS:

| Pg. | LN. | Now Reads | Should Read | Reason |
|---|---|---|---|---|
| 140 | 4 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 6 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 8 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 11 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 13 | THE WITNESS | MR. MORRIS | 3 |
| 140 | 14 | MR. MORRIS | THE WITNESS | 3 |
| 140 | 15 | THE WITNESS | MR. MORRIS | 3 |
| 177 | 3 | liquid | illiquid | 3 |

| | | | | |
|---|---|---|---|---|
| 181 | 25 | | Add to end (after yes): as long as the conditions subsequent could still be met. | 1 |
| 182 | 13 | focused | focus | 3 |
| 188 | 11 | | Add to end (after monetized): or were monetized for less than cost. | 1 |
| | | | | |
| | | | | |
| | | | | |

JAMES DONDERO

SUBSCRIBED AND SWORN BEFORE ME

THIS 29th DAY OF June, 2021.

LINDA LAUCHNER
Notary Public, State of Texas
Comm. Expires 06-19-2025
Notary ID 1049001

Linda Lauchner 6/19/25
(Notary Public) MY COMMISSION EXPIRES:



CORE/3522697.0002/167597109.1