PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03003-sgj |
| | § | |
| JAMES DONDERO, | § | |
| | § | |
| Defendant. | § | |

> # Exhibit
> # 11

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.



## DEBTOR'S UNOPPOSED MOTION FOR LEAVE
## TO SERVE AND FILE AMENDED COMPLAINT

Highland Capital Management, L.P., the debtor and debtor-in-possession (the "Debtor")[2]

in the above-captioned chapter 11 case ("Bankruptcy Case") and the above-captioned adversary

proceeding (the "Adversary Proceeding"), hereby files this motion (the "Motion") requesting that

Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting it leave to

serve and file its *Amended Complaint for (I) Breach of Contract, (II) Turnover of Property, (III)*

*Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* (the "Amended Complaint"), attached

hereto as **Exhibit B**. In support of its Motion, the Debtor states as follows.

## FACTUAL BACKGROUND

1. On January 22, 2021, the Debtor filed its *Complaint for (I) Breach of*

*Contract and (II) Turnover of Property of the Debtor's Estate* [Docket No. 1][3] (the "Complaint").

2. On January 25, 2021, the Court entered its *Order Regarding Adversary*

*Proceedings Trial Setting and Alternative Scheduling Order* [Docket No. 3] (the "Alternative

Scheduling Order").

3. On April 19, 2021, the Debtor and defendant James Dondero ("Defendant"

or "Mr. Dondero") (together, the "Parties") entered into the *Amended Scheduling Order* [Docket

No. 18] (the "Amended Scheduling Order").

4. On March 16, 2021, Mr. Dondero filed his *Original Answer* [Docket No.

6] (the "Answer").

---

[2] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (As Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital* Management, *L.P.*, as modified (the "Plan"). The Plan went Effective (as defined in the Plan) on August 11, 2021, and the Debtor has been succeeded by the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].

[3] Refers to the docket maintained in the Adversary Proceeding.

5.      On April 6, 2021, Mr. Dondero filed his *Amended Answer* [Docket No. 16] (the "Amended Answer").

6.      The Parties engaged in discovery pursuant to the Amended Scheduling Order.

7.      On April 15, 2021, Mr. Dondero filed his *Motion and Memorandum of Law in Support to Withdraw the Reference* [Docket No. 21] (the "Motion to Withdraw the Reference").

8.      On July 7, 2021, the Bankruptcy Court filed its *Report and Recommendation to District Court Proposing that It (A) Grant Defendant's Motion to Withdraw the Reference at Such Time as Bankruptcy Court Certifies that Action Is Trial Ready; and (B) Defer Pretrial Matters to Bankruptcy Court* [Docket No. 67] (the "Report").

9.      The Debtor has indicated that it intends to serve and file the Amended Complaint, asserting additional claims against Mr. Dondero, as well as claims against new defendants, Nancy Dondero and The Dugaboy Investment Trust (collectively, the "Amendments").

10.     On July 13, 2021, the Debtor provided a copy of the proposed Amended Complaint to defendant's counsel (the "Service Date").

11.     The Parties entered into a *Stipulation and Agreed Order Governing Discovery and Other Pre-Trial Issues* (the "Stipulation"], a copy of which is attached hereto as **Exhibit C**.  Pursuant to the Stipulation, the Parties agreed, *inter alia*, (i) to extend discovery and other pre-trial deadlines, (ii) that the Debtor will file, and Mr. Dondero will not oppose, the Debtor's Motion to serve and file the Amended Complaint, and (iii) that additional discovery will be taken on the Amendments in the Amended Complaint.

## **ARGUMENT**

12.     Except in circumstances not applicable here, Rule 15(a)(2) of the Federal

Rule of Civil Procedure provides that "a party may amend its pleading only with the opposing

party's written consent or the court's leave.  The court should freely grant leave when justice so

requires."  FED. R. CIV. P. 15(a)(2) ("Rule 15").  "Unless there is a substantial reason to

deny leave to amend, the discretion of the court is not broad enough to permit denial." *Herrera v.*

*LR One Int'l LLC*, No. 5:21-CV-180-DAE, 2021 WL 2879292, at *1 (W.D. Tex. Mar. 18, 2021)

(citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  Relevant factors to

consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd*

*Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

13.     Here, the Debtor satisfies the liberal pleading standard under Rule 15.  The

opposing party, Mr. Dondero, gave his written consent to the service and filing of the proposed

Amended Complaint, including the Debtor's Amendments, as reflected in the Stipulation.

14.     Good cause also exists for the Debtor's Amendments.  There have been

significant developments in this Adversary Proceeding through discovery and motion practice, all

of which precipitated the Debtor's proposed Amendments.  Mr. Dondero will not be prejudiced

because, under the Stipulation, he has the opportunity to take additional discovery on the

Amendments.  The Amendments also do not demonstrate bad faith or dilatory motive on the part

of the Debtor.  It has conferred, in good faith, with Mr. Dondero regarding the Amended

Complaint, and the Parties have mutually adjusted discovery and other pre-trial deadlines

4

accordingly. The Debtor, therefore, satisfies the liberal pleading standard under Rule 15 and demonstrates good cause for filing its Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court grant its Motion.

Dated: August 17, 2021   **PACHULSKI STANG ZIEHL & JONES LLP**

   Jeffrey N. Pomerantz (CA Bar No. 143717)
   Ira D. Kharasch (CA Bar No. 109084)
   John A. Morris (NY Bar No. 266326)
   Gregory V. Demo (NY Bar No. 5371992)
   Hayley R. Winograd (NY Bar No. 5612569)
   10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
   Telephone: (310) 277-6910
   Facsimile: (310) 201-0760
   Email: jpomerantz@pszjlaw.com
     ikharasch@pszjlaw.com
     jmorris@pszjlaw.com
     gdemo@pszjlaw.com
     hwinograd@pszjlaw.com

   -and-

   **HAYWARD PLLC**

   */s/ Zachery Z. Annable*
   Melissa S. Hayward
   Texas Bar No. 24044908
   MHayward@HaywardFirm.com
   Zachery Z. Annable
   Texas Bar No. 24053075
   ZAnnable@HaywardFirm.com
   10501 N. Central Expy, Ste. 106
   Dallas, Texas 75231
   Tel: (972) 755-7100
   Fax: (972) 755-7110

   *Counsel for Highland Capital Management, L.P.*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that, on August 13, 2021, counsel for the Debtor corresponded with counsel for Mr. Dondero regarding the relief requested in the foregoing Motion. Mr. Dondero is unopposed to the Motion.

  _/s/ Zachery Z. Annable_____
Zachery Z. Annable

6

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03003-sgj |
| | § | |
| JAMES DONDERO, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING DEBTOR'S UNOPPOSED MOTION FOR LEAVE
TO SERVE AND FILE AMENDED COMPLAINT**

Before the Court is the *Debtor's Unopposed Motion for Leave to Serve and File Amended*

*Complaint* [Docket No. __] (the "Motion"), filed by Highland Capital Management L.P, the debtor

and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

Case"), and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), requesting leave to file its *Amended Complaint for (I) Breach of Contract, (II) Turnover of Property, (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* (the "Amended Complaint"), attached to the Motion as **Exhibit B**. Having considered the (i) Motion and the arguments set forth therein, (ii) the Amended Complaint annexed to the Motion, and (iii) the *Stipulation and Agreed Order Governing Discovery and Other Pre-Trial Issues*, attached to the Motion as **Exhibit C**. Pursuant to the Stipulation, the Parties; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtor is deemed to have served the Amended Complaint on the defendant on July 13, 2021, the Service Date (as defined in the Motion).

3.      The Debtor is hereby granted leave to file its Amended Complaint.

4.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

# EXHIBIT B

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | ~~21-3003~~ |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| ~~Defendant.~~ Defendants. | | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**AMENDED COMPLAINT FOR (I) BREACH OF CONTRACT,
AND (II) TURNOVER OF PROPERTY OF THE DEBTOR'S ESTATE, (III)
FRAUDULENT TRANSFER, AND (IV) BREACH OF FIDUCIARY DUTY**

Plaintiff, Highland Capital Management, L.P., the above-captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the plaintiff (the "Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding"), by its undersigned counsel, as and for its amended complaint (the "Complaint") against defendant, Mr. defendants James Dondero ("Mr. Dondero" or "Defendant), Nancy Dondero, and The Dugaboy Investment Trust ("Dugaboy," and together with Mr. Dondero and Nancy Dondero, "Defendants"), alleges upon knowledge of its own actions and upon information and belief as to other matters as follows:

## PRELIMINARY STATEMENT

1.      The Debtor brings this action against Mr. Dondero as a result of Defendants in connection with Mr. Dondero's defaults under three promissory notes executed by Mr. Dondero in favor of the Debtor in the aggregate original principal amount of $8,825,000, and payable upon the Debtor's demand. Despite due demand, Mr. Dondero has failed to pay amounts due and owing under the notes and the accrued but unpaid interest thereon.

2.      After amending his answer and his sworn responses to interrogatories, Mr. Dondero now contends that the Debtor orally agreed to relieve him of his obligations under the notes upon fulfillment of "conditions subsequent" (the "Alleged Agreement"). Mr. Dondero further contends that he entered into the Alleged Agreement with his sister, Nancy Dondero, as trustee of Dugaboy, acting on behalf of the Debtor. At the time Mr. Dondero entered into the Alleged Agreement, he controlled the Debtor and was the lifetime beneficiary of Dugaboy.

2

3. Based on its books and records, discovery to date, and other facts, the Debtor believes that the Alleged Agreement is a fiction created after the commencement of this Adversary Proceeding for the purpose of avoiding or at least delaying paying the obligations due under the notes.

4. Nevertheless, the Debtor amends its Complaint for the purpose of adding certain claims and naming additional parties who would be liable to the Debtor if the Alleged Agreement were determined to exist and be enforceable. Specifically, in addition to pursuing claims against Mr. Dondero for breach of his obligations under the notes and for turnover, the Debtor adds alternative claims (a) against Mr. Dondero for actual fraudulent transfer and aiding and abetting Dugaboy in its breach of fiduciary duty, (b) against Dugaboy for declaratory relief and for breach of fiduciary duty, and (c) against Nancy Dondero for aiding and abetting Dugaboy in the breach of his fiduciary duties.

5. 2. Through this Complaint As remedies, the Debtor seeks (a) damages from Mr. Dondero in an amount equal to (i) the aggregate outstanding principal due under the Notes (as defined below), plus (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) an amount equal to the Debtor's costs of collection (including all court costs and reasonable attorneys' fees and expenses, as provided for in the notes), for Mr. Dondero's breach of his obligations under the Notes, and (b) turnover by Mr. Dondero to the Debtor of the foregoing amounts.; (c) avoidance of the Alleged Agreement and the transfers thereunder and recovery of the funds transferred from the Plaintiff to, or for the benefit of, Mr. Dondero pursuant to the Notes; (d) declaratory relief, and (e) damages arising from the Defendants' breach of fiduciary duties or aiding and abetting thereof.

**JURISDICTION AND VENUE**

6. ~~3.~~ This adversary proceeding arises in and relates to the Debtor's case pending before the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") under chapter 11 of the Bankruptcy Code.

7. ~~4.~~ The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

8. ~~5.~~ This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and, pursuant to Rule 7008 of the Bankruptcy Rules, the Debtor consents to the entry of a final order by the Court in the event that it is later determined that the Court, absent consent of the parties cannot enter final orders or judgments consistent with Article III of the United States Constitution.

9. ~~6.~~ Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**THE PARTIES**

10. ~~7.~~ The Debtor is a limited liability partnership formed under the laws of Delaware with a business address at 300 Crescent Court, Suite 700, Dallas, Texas 75201.

11. ~~8.~~ Upon information and belief, Mr. Dondero is an individual residing in Dallas, Texas. He is the co-founder of the Debtor and was the Debtor's President and Chief Executive Officer until his resignation on January 9, 2020. At all relevant times, Mr. Dondero controlled the Debtor.

12. Upon information and belief, Dugaboy is (a) a limited partner of the Debtor, and (b) one of Mr. Dondero's family investment trusts for which is he a lifetime beneficiary.

13. Upon information and belief, Nancy Dondero is Mr. Dondero's sister, and the trustee of Dugaboy.

4

## CASE BACKGROUND

14. ~~9.~~ On October 16, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), Case No. 19-12239 (CSS) (the "Highland Bankruptcy Case").

15. ~~10.~~ On October 29, 2019, the U.S. Trustee in the Delaware Court appointed an Official Committee of Unsecured Creditors (the "Committee") with the following members: (a) Redeemer Committee of Highland Crusader Fund ("Redeemer"), (b) Meta-e Discovery, (c) UBS Securities LLC and UBS AG London Branch, and (d) ~~the Defendants,~~ Acis ~~LP~~Capital Management, L.P. and Acis ~~GP~~Capital Management GP LLC (collectively, "Acis").

16. On June 25, 2021, the U.S. Trustee in this Court filed that certain *Notice of Amended Unsecured Creditors' Committee* [Docket No. 2485] notifying the Court that Acis and Redeemer had resigned from the Committee.

17. ~~11.~~ On December 4, 2019, the Delaware Court entered an order transferring venue of the Highland Bankruptcy Case to this Court [Docket No. 186].[2]

18. ~~12.~~ The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

## STATEMENT OF FACTS

A. **The Dondero Notes**

19. ~~13.~~ Mr. Dondero, in his personal capacity, is the maker under a series of promissory notes in favor of the Debtor.

---

[2] All docket numbers refer to the main docket for the Highland Bankruptcy Case maintained by this Court.

20. ~~14.~~ Specifically, on February 2, 2018, Mr. Dondero executed a promissory note in favor of the Debtor, as payee, in the original principal amount of $3,825,000 ("Dondero's First Note"). A true and correct copy of Dondero's First Note is attached hereto as **Exhibit 1**.

21. ~~15.~~ On August 1, 2018, Mr. Dondero executed a promissory note in favor of the Debtor, as payee, in the original principal amount of $2,500,000 ("Dondero's Second Note"). A true and correct copy of Dondero's Second Note is attached hereto as **Exhibit 2.**

22. ~~16.~~ On August 13, 2018, Mr. Dondero executed a promissory note in favor of the Debtor, as payee, in the original principal amount of $2,500,000 ("Dondero's Third Note" and collectively, with Dondero's First Note and Dondero's Second Note, the "Notes"). A true and correct copy of Dondero's Third Note is attached hereto as **Exhibit 3.**

23. ~~17.~~ Section 2 of each Note provides: "**Payment of Principal and Interest**. The accrued interest and principal of this Note shall be due and payable on demand of the Payee."

24. ~~18.~~ Section 4 of each Note provides:

**Acceleration Upon Default**. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of the Payee in exercising any right, power, or privilege hereunder shall operate as a waiver hereof.

25. ~~19.~~ Section 6 of each Note provides:

**Attorneys' Fees**. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

6

**B.    Mr. Dondero Defaults Under Each Note**

26.    ~~20.~~By letter dated December 3, 2020, the Debtor made demand on Mr. Dondero for payment under the Notes by December 11, 2020 (the "Demand Letter").  A true and correct copy of the Demand Letter is attached hereto as **Exhibit 4**.  The Demand Letter provided:

> By this letter, Payee is demanding payment of the accrued interest and principal due and payable on the Notes in the aggregate amount of $9,004,013.07, which represents all accrued interest and principal through and including December 11, 2020.
>
> **Payment is due on December 11, 2020, and failure to make payment in full on such date will constitute an event of default under the Notes.**

Demand Letter (emphasis in the original).

27.    ~~21.~~Despite the Debtor's demand, Mr. Dondero did not pay all or any portion of the amounts demanded by the Debtor on December 11, 2020, or at any time thereafter.

28.    ~~22.~~As of December 11, 2020, there was an outstanding principal amount of $3,687,269.71 on Dondero's First Note and accrued but unpaid interest in the amount of $21,003.70, resulting in a total outstanding amount as of that date of $3,708,273.41.

29.    ~~23.~~As of December 11, 2020, there was an outstanding principal balance of $2,619,929.42 on Dondero's Second Note and accrued but unpaid interest in the amount of $27,950.70, resulting in a total outstanding amount as of that date of $2,647,880.12.

30.    ~~24.~~As of December 11, 2020, there was an outstanding principal balance of $2,622,425.61 on Dondero's Third Note and accrued but unpaid interest in the amount of $25,433.94, resulting in a total outstanding amount as of that date of $2,647,859.55.

31.    ~~25.~~Thus, as of December 11, 2020, the total outstanding principal and accrued but unpaid interest due under the Notes was $9,004,013.07.

32.    ~~26.~~Pursuant to Section 4 of each Note, each Note is in default, and is currently due and payable.

7

## C. The Debtor Files the Original Complaint

33. On January 22, 2021, the Debtor filed the *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* [Docket No. 1] (the "Original Complaint"). In the Original Complaint, the Debtor brought claims for (i) breach of contract for Mr. Dondero's breach of his obligations under the Notes and (ii) turnover by Mr. Dondero for the outstanding amounts under the Notes, plus all accrued and unpaid interest until the date of payment plus the Debtor's costs of collection and reasonable attorney's fees.

## D. Mr. Dondero's Affirmative Defenses

34. On March 16, 2021, Mr. Dondero filed his *Original Answer* [Docket No. 6] (the "Original Answer"). In his Original Answer, Mr. Dondero asserted four affirmative defenses: (i) the Debtor's claims should be barred because it was previously agreed by the Debtor that the Debtor would not collect on the Notes, (ii) waiver, (iii) estoppel, and (iv) failure of consideration. *See id.* ¶¶ 40-43.

35. On April 6, 2021, Mr. Dondero filed his *Amended Answer* [Docket No. 16] (the "Amended Answer"), asserting three additional affirmative defenses: (i) the Debtor previously agreed that it would not collect on the Notes "upon fulfillment of conditions subsequent" (*i.e.*, the Alleged Agreement) *id.* ¶ 40, (ii) The Debtor's claims are barred, in whole or in part, due to setoff, *id.* ¶ 41, and (iii) the Notes are "ambiguous," *id.* ¶ 45.

36. According to Mr. Dondero, the Alleged Agreement was orally entered into in January or February 2019, and was not memorialized in any documentation.

37. According to Mr. Dondero, he entered into the Alleged Agreement with his sister, Nancy Dondero, acting in her capacity as the Trustee of Dugaboy, which purportedly held the majority of the Debtor's Class A limited partnership interests.

8

38.     Mr. Dondero controlled the Debtor at the time he entered into the Alleged Agreement.

39.     Mr. Dondero did not inform the Debtor's CFO or outside auditor's about the Alleged Agreement.

40.     According to Mr. Dondero, he discussed the Alleged Agreement with Nancy Dondero, but (a) no one else participated in the discussions surrounding the execution or authorization of the Alleged Agreement, and (b) the Alleged Agreement was not subject to any negotiation.

41.     Upon information and belief, the Debtor's books and records do not reflect the Alleged Agreement.

**E.     Dugaboy Lacked Authority to Act on Behalf of the Debtor**

42.     Under section 4.2 of the *Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.* (the "Limited Partnership Agreement"), and attached hereto as **Exhibit 5**, Dugaboy was not authorized to enter into the Alleged Agreement on behalf of the Partnership, or otherwise bind the Partnership (as "Partnership" is defined in the Limited Partnership Agreement).

43.     Section 4.2(b) of the Limited Partnership Agreement states:

Management of Business.  No Limited Partner shall take part in the control (within the meaning of the Delaware Act) of the Partnership's business, transact any business in the Partnership's name, or have the power to sign documents for or otherwise bind the Partnership other than as specifically set forth in this Agreement.

**Exhibit 5**, § 4.2(b).

44.     No provision in the Limited Partnership Agreement authorizes any of the Partnership's limited partners to bind the Partnership.

45. Nancy Dondero also lacked authority to enter into the Alleged Agreement or to otherwise bind the Debtor.

**FIRST CLAIM FOR RELIEF**

**(Against Mr. Dondero)**
**(~~For~~ Breach of Contract)**

46. ~~27.~~ The Debtor repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

47. ~~28.~~ Each Note is a binding and enforceable contract.

48. ~~29.~~ Mr. Dondero breached each Note by failing to pay all amounts due to the Debtor upon the Debtor's demand.

49. ~~30.~~ Pursuant to each Note, the Debtor is entitled to damages from Mr. Dondero in an amount equal to (i) the aggregate outstanding principal due under each Note, plus (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) an amount equal to the Debtor's costs of collection (including all court costs and reasonable attorneys' fees and expenses), for Mr. Dondero's breach of his obligations under each of the Notes.

50. ~~31.~~ As a direct and proximate cause of Mr. Dondero's breach of each Note, the Debtor has suffered damages in the total amount of at least $9,004,013.07, as of December 11, 2020, plus an amount equal to all accrued but unpaid interest from that date plus the Debtor's cost of collection.

**SECOND CLAIM FOR RELIEF**

**(Against Mr. Dondero)**

**(Turnover ~~by Mr. Dondero~~ Pursuant to 11 U.S.C. § 542(b))**

51. ~~32.~~ The Debtor repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

10

52. 33. Mr. Dondero owes the Debtor an amount equal to (i) the aggregate outstanding principal due under each Note, plus (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) an amount equal to the Debtor's costs of collection (including all court costs and reasonable attorneys' fees and expenses), for Mr. Dondero's breach of his obligations under each of the Notes.

53. 34. Each Note is property of the Debtor's estate and the amounts due under each Note is matured and payable upon demand.

54. 35. Mr. Dondero has not paid the amounts dues under each Note to the Debtor.

55. 36. The Debtor has made demand for the turnover of the amounts due under each Note.

56. 37. As of the date of filing of this Complaint, Mr. Dondero has not turned over to the Debtor all or any of the amounts due under each of the Notes.

57. 38. The Debtor is entitled to the turnover of all amounts due under each of the Notes.

**THIRD CLAIM FOR RELIEF**

**(Against Mr. Dondero)**

**(Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. §§ 548(a)(1)(A) and 550)**

58. The Debtor repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

59. The Debtor made the transfers in the aggregate amount of $8,825,000 in exchange for the Alleged Agreement within two years of the Petition Date.

DOCS_NY:41770.743594.1 36027/002

60.     Mr. Dondero entered into the Alleged Agreement with actual intent to hinder, delay, or defraud a present or future creditor, demonstrated by, *inter alia*:

(a) The transfers were made to, or for the benefit of, Mr. Dondero, an insider of the Debtor.

(b) Mr. Dondero entered into the Alleged Agreement with his sister, Nancy Dondero.

(c) Mr. Dondero did not inform the Debtor's CFO or outside auditors about the Alleged Agreement.

(d) The Debtor's books and record do not reflect the Alleged Agreement.

(e) The Alleged Agreement was not subject to negotiation.

(f) The value of the consideration received by the Debtor for the transfers was not reasonably equivalent in value.

61.     The pattern of conduct, series of transactions, and general chronology of events under inquiry in connection with the debt Mr. Dondero incurred under the Notes demonstrates a scheme of fraud.

62.     Pursuant to 11 U.S.C. § 550, the Debtor is entitled to recover for the benefit of the Debtor's estates the transfers made in exchange for the Alleged Agreement from Mr. Dondero.

63.     Accordingly, the Debtor is entitled to a judgement: (i) avoiding Alleged Agreement and the transfers thereunder, and (ii) recovering from Mr. Dondero the amount of $8,825,000.

## FOURTH CLAIM FOR RELIEF

### (Against Mr. Dondero)

### (Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. §§ 544(b) and 550, and Tex. Bus. & C. Code § 24.005(a)(1))

64.     The Debtor repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

65.     The Debtor made the transfers in the aggregate amount of $8,825,000 in exchange for the Alleged Agreement after, or within a reasonable time before, creditors' claims arose.

66.     Mr. Dondero entered into the Alleged Agreement with actual intent to hinder, delay, or defraud a present or future creditor of the Debtor, demonstrated by, *inter alia*:

(g) The transfers were made to, or for the benefit of, Mr. Dondero, an insider of the Debtor.

(h) Mr. Dondero entered into the Alleged Agreement with his sister, Nancy Dondero.

(i) Mr. Dondero did not inform the Debtor's CFO or outside auditor's about the Alleged Agreement.

(j) Upon information and belief, the Debtor's books and record do not reflect the Alleged Agreement.

(k) The Alleged Agreement was not subject to negotiation.

(l) The value of the consideration received by the Debtor for the transfers was not reasonably equivalent in value.

13

67.     Pursuant to 11 U.S.C. § 550, the Debtor is entitled to recover for the benefit of the Debtor's estates the transfers made in exchange for the Alleged Agreement from Mr. Dondero.

68.     Accordingly, the Debtor is entitled to a judgement: (i) avoiding the Alleged Agreement and the transfers thereunder, and (ii) recovering from Mr. Dondero the amount of $8,825,000.

## FIFTH CLAIM FOR RELIEF

### (Against Dugaboy)

### (For Declaratory Relief: -- 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001)

69.     The Debtor repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

70.     A bona fide, actual, present dispute exists between the Debtor and Dugaboy concerning whether Dugaboy was authorized to entered into the Alleged Agreement on the Debtor's behalf.

71.     A judgment declaring the parties' respective rights and obligations will resolve their dispute..

72.     Pursuant to Bankruptcy Rule 7001, the Debtor specifically seeks declarations that:

- (a) limited partners, including but not limited to Dugaboy, have no right or authority to take part in the control (within the meaning of the Delaware Act) of the Partnership's business, transact any business in the Partnership's name, or have the power to sign documents for or otherwise bind the Partnership other than as specifically provided in the Limited Partnership Agreement,

- (b) Dugaboy was not authorized under the Limited Partnership Agreement to enter into the Alleged Agreement on behalf of the Partnership,

- (c) Dugaboy otherwise had no right or authority to enter into the Alleged Agreement on behalf of the Partnership, and

- (d) the Alleged Agreement is null and void.

### SIXTH CLAIM FOR RELIEF

### (Against Dugaboy)

### (Breach of Fiduciary Duty)

73.     The Debtor repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

74.     If Dugaboy, as a limited partner, had the authority to enter into the Alleged Agreement on behalf of the Debtor, then Dugaboy would owe the Debtor a fiduciary duty.

75.     If Dugaboy had the authority to enter into the Alleged Agreement on behalf of the Debtor, then Dugaboy breached its fiduciary duty of care to the Debtor by entering into and authorizing the purported Alleged Agreement on behalf of the Debtor.

76.     Accordingly, the Debtor is entitled to recover from Dugaboy (a) actual damages that the Debtor suffered as a result of its breach of fiduciary duty, and (b) for punitive and exemplary damages.

### SEVENTH CLAIM FOR RELIEF

### (Against James Dondero and Nancy Dondero)

### (Aiding and Abetting a Breach of Fiduciary Duty)

77.     The Debtor repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

78. James Dondero and Nancy Dondero (together, the "Donderos") were aware that Dugaboy would have fiduciary duties to the Debtor if it acted to bind the Debtor.

79. The Donderos aided and abetted Dugaboy's breach of its fiduciary duties to the Debtor by knowingly participating in the authorization of the purported Alleged Agreement.

80. The Donderos aided and abetted Dugaboy's breach of its fiduciary duty to the Debtor by knowingly participating in the authorization of the purported Alleged Agreement.

81. Accordingly, the Donderos are jointly and severally liable (a) for the actual damages that the Debtor suffered as a result of aiding and abetting Dondero's breaches of fiduciary duties, and (b) for punitive and exemplary damages.

WHEREFORE, the Debtor prays for judgment as follows:

(i)     On its First Claim for Relief, damages in an amount to be determined at trial but includes (a) the aggregate outstanding principal due under each Note, plus (b) all accrued and unpaid interest thereon until the date of payment, plus (c) an amount equal to the Debtor's costs of collection (including all court costs and reasonable attorneys' fees and expenses);

(ii)    On its Second Claim for Relief, ordering turnover by Mr. Dondero to the Debtor of an amount equal to  (a) the aggregate outstanding principal due under each Note, plus (b) all accrued and unpaid interest thereon until the date of payment, plus (c) an amount equal to the Debtor's costs of collection (including all court costs and reasonable attorneys' fees and expenses); and

16

(iii)    On its Third Claim for Relief, avoidance of the Alleged Agreement and the transfers thereunder and recovering from Mr. Dondero the amount of $8,825,000 pursuant to section 548 of the Bankruptcy Code;

(iv)    On its Fourth Claim for Relief, avoidance of the Alleged Agreement and the transfers thereunder and recovering from Mr. Dondero the amount of $8,825,000 pursuant to section Tex. Bus. & C. Code § 24.005(a)(1);

(v)    On its Fifth Claim for Relief, a declaration that: (a) limited partners, including but not limited to Dugaboy, have no right or authority to take part in the control (within the meaning of the Delaware Act) of the Partnership's business, transact any business in the Partnership's name, or have the power to sign documents for or otherwise bind the Partnership other than as specifically provided in the Limited Partnership Agreement, (b) Dugaboy was not authorized under the Limited Partnership Agreement to enter into the Alleged Agreement on behalf of the Partnership, (c) Dugaboy otherwise had no right or authority to enter into the Alleged Agreement on behalf of the Partnership, and (d) the Alleged Agreement is null and void;

(vi)    On its Sixth Claim for Relief, actual damages from Dugaboy, in an amount to be determined at trial, that Debtor suffered as a result of Dugaboy's breach of fiduciary duty, and for punitive and exemplary damages;

(vii)    On its Seventh Claim for Relief, actual damages from the Donderos, jointly and severally, in an amount to be determined at trial, that Debtor suffered as a result of aiding and abetting Dugaboy's breaches of fiduciary duty, and for punitive and exemplary damages; and

17

Such other and further relief as this Court deems just and proper.

DOCS_NY:41770.7 43594.1 36027/002

Dated: ~~January 18,~~ July ___, ~~2020~~2021       PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:        jpomerantz@pszjlaw.com
               ikharasch@pszjlaw.com
               jmorris@pszjlaw.com
               gdemo@pszjlaw.com
               hwinograd@pszjlaw.com

-and-

*/s/*
_____
HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

–

DOCS_NY:~~41770.7~~43594.1 36027/002

Document comparison by Workshare 9.5 on Tuesday, July 13, 2021 8:45:45 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_NY/41770/7 |
| Description | DOCS_NY-#41770-v7-HCM_Demand_Notes_-_Dondero_Amended_Complaint |
| Document 2 ID | PowerDocs://DOCS_NY/43594/1 |
| Description | DOCS_NY-#43594-v1-Amended_Complaint_(Notes_Litigation) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | | |
|---|---|---|
| | Count | |
| Insertions | | 226 |
| Deletions | | 58 |
| Moved from | | 0 |
| Moved to | | 0 |
| Style change | | 0 |
| Format changed | | 0 |
| Total changes | | 284 |

# EXHIBIT C

Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
*Counsel for Defendant James Dondero*
*and Nancy Dondero*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054-SGJ-11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | **Adversary No.: 21-03003** |
| **JAMES D. DONDERO,** | § | |
| | § | |
| Defendant. | § | |

## STIPULATION AND AGREED ORDER GOVERNING DISCOVERY
## AND OTHER PRE-TRIAL ISSUES

This stipulation and agreed order (the "Stipulation") is entered into between Highland

Capital Management, L.P. (the "Debtor") and James Dondero ("Dondero"). The Debtor and

Dondero are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, on April 15, 2021, Dondero filed a Motion to Withdraw the Reference.

WHEREAS, on July 7, 2021, the Bankruptcy Court filed its *Report and Recommendation*

*to District Court Proposing that it (A) Grant Defendant's Motion to Withdraw the Reference at*

- 1 -

*Such Time as Bankruptcy Court Certifies that Action is Trial Ready; and (B) Defer Pretrial*

*Matters to Bankruptcy Court* [Docket No. 67] (the "Report").

WHEREAS, the Debtor has indicated that it intends to file a First Amended Complaint, asserting additional claims against Dondero, as well as claims against new defendants, Nancy Dondero and The Dugaboy Investment Trust.

WHEREAS, the Parties intend to complete fact and expert discovery in this adversary proceeding as governed by this Stipulation.

## STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1. This Stipulation supersedes any prior stipulation or scheduling order governing the above-referenced adversary proceeding.

2. The Parties agree to the following deadlines regarding discovery and other pre-trial deadlines:

- The Parties agree that the Debtor will file and Dondero will not oppose a Motion for Leave to File First Amended Complaint by August 17, 2021, a copy of which has previously been provided by the Debtor to Dondero. Counsel for Dondero will accept service of the First Amended Complaint on behalf of Dondero and the additional defendants named in the First Amended Complaint.

- Dondero will have until August 30, 2021, to answer or otherwise respond to the First Amended Complaint.

- The Parties will serve written discovery demands (limited to new claims and allegations in the First Amended Complaint) by September 3, 2021.

- The Parties will respond to discovery requests by September 27, 2021 and will also be substantially complete with document production by September 27, 2021.

- Fact depositions will take place between October 1 and October 22, 2021.

- Expert designations and disclosures of all opinions and the bases therefor, will be made by October 29, 2021, and experts will be deposed between October 29, 2021 and November 8, 2021.

3.  The Parties agree that discovery taken in this case will be consolidated with discovery taken in the following adversary proceedings and all discovery in each of the adversary proceedings will be treated as if it was taken in all of the adversary proceedings listed below, so that each witness will only need to be deposed once and documents produced in any of the proceedings are usable as if received in every other proceeding:

- *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P.*, Adv. Pro. No. 21-03004;

- *Highland Capital Management, L.P. v. NexPoint Advisors, L.P.*, Adv. Pro. No. 21-03005;

- *Highland Capital Management, L.P. v. Highland Capital Management Services, Inc.*, Adv. Pro. No. 21-03006; and

- *Highland Capital Management, L.P. v. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)*, Adv. Pro. No. 21-03007.

IT IS SO STIPULATED.

Dated:  August 17, 2021

CONSENTED AND AGREED TO BY:

/s/ Michael P. Aigen
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email:  deborah.deitschperez@stinson.com
Email:  michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT
JAMES DONDERO AND NANCY
DONDERO**

/s/ John A. Morris
John A. Morris
NY Bar No. 266326
(pro hac vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email: jmorris@pszjlaw.com

**ATTORNEYS FOR DEBTOR
HIGHLAND CAPITAL MANAGEMENT,
L.P.**

/s/ Douglas S. Draper
Douglas S. Draper
LA Bar No. 5073
(pro hac vice)
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Email:  ddraper@hellerdraper.com

**ATTORNEYS FOR THE DUGABOY
INVESTMENT TRUST**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 17, 2021, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this case.

*/s/ Michael P. Aigen*
Michael P. Aigen

CORE/3522697.0002/168335975