IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03005-sgj |
| | § | |
| NEXPOINT ADVISORS, L.P., JAMES | § | |
| DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |

## <u>SUPPLEMENTAL DECLARATION OF DAVOR RUKAVINA</u>

The undersigned, Davor Rukavina, hereby declares under penalty of perjury pursuant to the laws of the United States of America the following:

1.      My name is Davor Rukavina.  I am over the age of 21, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to give this Declaration.

2.      I am an attorney duly licensed to practice law in the State of Texas.  I am lead counsel for NexPoint Advisors, L.P. ("<u>NexPoint</u>"), in the above styled and numbered Adversary Proceeding.  As such, I directly supervised discovery served by NexPoint in this Adversary Proceeding and the receipt of responses to the same from Highland Capital Management, LP (the "<u>Debtor</u>"), and I have personal knowledge of the same (although not the underlying facts).

3.      Attached to this Declaration as Exhibit "A" is a true and correct copy of discovery served by NexPoint on the Debtor on or about March 31, 2021.

4.      Attached to this Declaration as Exhibit "B" is a true and correct copy of the Debtor's amended responses to said discovery.

5.      I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge and ability.

Executed: December 8, 2021.

/s/ Davor Rukavina
DAVOR RUKAVINA

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

*Counsel for NexPoint Advisors, L.P*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. No. 21-03005 |
| v. | § | |
| | § | |
| NEXPOINT ADVISORS, L.P. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S REQUESTS FOR ADMISSIONS, INTERROGATORIES,
### AND REQUESTS FOR PRODUCTION TO PLAINTIFF

TO:    Highland Capital Management, L.P. through its counsel of record, Jeffrey Pomerantz and
John Morris, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor,
Los Angeles, CA 90067, jpomerantz@pszjlaw.com; jmorris@pszjlaw.com; Zachery
Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231,
zannable@haywardfirm.com

NexPoint Advisors, L.P., the defendant in the above-styled and numbered adversary

proceeding, hereby serves these *Requests for Admissions, Interrogatories, and Requests for*

---

EXHIBIT "A"

*Production* pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure.

Highland Capital Management, L.P. is instructed to serve its responses to these requests and interrogatories, along with all documents responsive to these requests, no later than **April 30, 2021**, by delivering them to Julian Vasek, Munsch Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, Texas 75201, jvasek@munsch.com.

Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7034, electronically stored information should be produced in native format.

## I.    DEFINITIONS

1.      "Adversary Proceeding" means the above-captioned adversary proceeding.

2.      "Committee" means the Official Committee of Unsecured Creditors appointed in the Debtor's bankruptcy case, including its officers, directors, employees, agents, and representatives.

3.      "Communication" or "Communications" means every kind of written, recorded, or oral transmission of information.

4.      "Complaint" means the *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* filed at Dkt. No. 1 in the Adversary Proceeding.

5.      "Debtor" means Highland Capital Management, L.P., including its officers, directors, employees, agents, and representatives.

6.      "December Payment" means the payment that was allegedly due on December 31, 2020 under the Note.

7. "<u>Default Letters</u>" means the letters sent from the Debtor to NexPoint dated January 7, 2021 and January 15, 2021 that are attached as exhibits to the Complaint.

8. "<u>Document</u>" or "<u>Documents</u>" means writings of every type and from any source, including e-mail and electronic documents and including originals and nonidentical copies thereof that are in your possession, custody, or control or known by you to exist.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of pictures, loan agreements, memoranda, reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, contracts, cables, electronic mails, deleted electronic mails, text messages, notations or memoranda of any sort of any conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, (including, without limitation, tapes, cassettes, discs and records)

and other written, printed, typed, photographed, or other graphic recorded matter of any kind or nature, however reproduced and whether preserved in writing, phono record, film, photograph, type or video tape.

9. "January Payment" means the payment made by NexPoint under the Note on January 14, 2021 in the amount of $1,406,111.92.

10. "NexPoint" means NexPoint Advisors, L.P., including its officers, directors, employees, agents, and representatives.

11. "Note" means that certain *Promissory Note* attached to the Complaint as Exhibit 1.

12. "Shared Services Agreement" means that certain *Amended and Restated Shared Services Agreement* between NexPoint and the Debtor, dated effective as of January 1, 2018.

## II. REQUESTS FOR ADMISSIONS

1. Admit that the Debtor was responsible for making payments under the Note on NexPoint's behalf pursuant to the Shard Services Agreement.

2. Admit that the Debtor was responsible for causing payments to be made under the Note on NexPoint's behalf pursuant to the Shard Services Agreement.

3. Admit that the Debtor did not make the December Payment on NexPoint's behalf.

4. Admit that the Debtor did not cause the December Payment to be made on NexPoint's behalf.

5. Admit that, pursuant to the Shared Services Agreement, the Debtor made a payment on the Debtor's behalf under the Note on or about December 31, 2018.

6. Admit that, pursuant to the Shared Services Agreement, the Debtor caused a payment to be made on the Debtor's behalf under the Note on or about December 31, 2018.

7.      Admit that, pursuant to the Shared Services Agreement, the Debtor made a payment on the Debtor's behalf under the Note on or about December 31, 2019.

8.      Admit that, pursuant to the Shared Services Agreement, the Debtor caused a payment to be made on the Debtor's behalf under the Note on or about December 31, 2019.

9.      Admit that, prior to the alleged default on December 31, 2020, NexPoint never defaulted under the Note.

### III.   <u>INTERROGATORIES</u>

1.      If the Debtor contends that it was not responsible for making payments under the Note on NexPoint's behalf pursuant to the Shared Services Agreement, explain the legal and factual basis for such contention.

2.      If the Debtor contends that it was not responsible for causing payments to be made under the Note on NexPoint's behalf pursuant to the Shared Services Agreement, explain the legal and factual basis for such contention.

3.      Provide the following information with respect to each payment made under the Note since its inception: (a) the date such payment was made; (b) the amount of such payment; (c) the individuals involved in making such payment or causing such payment to be made; (d) the account from which such payment was made; and (e) the method by which such payment was made.

4.      Describe in detail all steps the Debtor took, including by identifying every individual involved, to evaluate the Note, the December Payment, the January Payment, and/or the alleged default.

5.      Describe in detail all steps the Debtor took, including by identifying every individual involved, to evaluate the Debtor's obligations to make a payment or cause a payment to be made under the Note on NexPoint's behalf.

6.      Identify all records the Debtor kept regarding services the Debtor provided to NexPoint under the Shared Services Agreement with respect to the Note, and indicate whether such records identify what employee(s) provided services, when such services were provided, and how much time was spent providing such services.

7.      For each request for admission above that the Debtor did not unequivocally admit, explain the factual and legal basis for not doing so.

## IV.      **REQUESTS FOR PRODUCTION**

1.      All Communications pursuant to which any director, officer, or employee of the Debtor was advised or instructed not to make the December Payment or to cause the December Payment to be made.

2.      All Communications between directors, officers, and/or employees of the Debtor related to the Note.

3.      All Communications between directors, officers, and/or employees of the Debtor related to any and all defaults under the Note.

4.      All Communications between directors, officers, and/or employees of the Debtor related to the December Payment.

5.      All Communications between directors, officers, and/or employees of the Debtor related to prior payments the Debtor made or caused to be made on NexPoint's behalf under the Note.

6. All Communications between directors, officers, and/or employees of the Debtor related to the January Payment.

7. All Communications with third parties related to the Note.

8. All Communications with third parties related to the December Payment.

9. All Communications with third parties related to the January Payment.

10. All Communications with third parties related to prior payments the Debtor made or caused to be made on NexPoint's behalf under the Note.

11. All Communications with third parties related to any and all defaults under the Note.

12. All Communications with the Committee (including, but not limited to, Communications solely between counsel for the Debtor and the Committee) related to the Note, any and all defaults under the Note, the December Payment, the January Payment, and/or the Default Letters.

13. All ledgers, statements, and accounting records related to payments made under the Note to date.

14. All Documents pursuant to which the Debtor was authorized and/or required to make payments or cause payments to be made on NexPoint's behalf under the Note.

15. All Documents and Communications pursuant to which the Debtor contends it was relieved of its obligation to make payments or cause payments to be made under the Note on NexPoint's behalf pursuant to the Shared Services Agreement.

16. All Communications related to potentially marketing and/or selling the Note.

17. The Shared Services Agreement, including all amendments and supplements thereto, whether informal or formal, regardless of how documented.

18. All Documents and Communications construing the Debtor's obligations to NexPoint under the Shared Services Agreement.

19. All Documents and Communications related to the scope of the Debtor's obligations to NexPoint under the Shared Services Agreement.

20. All Documents and Communications identified in connection with Interrogatory 6 above.

21. All billing statements from Pachulski Stang Ziehl & Jones LLP and Hayward PLLC related to fees the Debtor seeks to collect in the Adversary Proceeding.

RESPECTFULLY SUBMITTED this 31st day of March, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Julian P. Vasek*

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the 31st day of March, 2021, a true and correct copy of this document was electronically served via email on counsel for the Debtor (jpomerantz@pszjlaw.com; jmorriss@pszjlaw.com; zannable@haywardfirm.com), as well as by first class U.S. mail, postage prepaid to the following recipients:

Zachery Z. Annable
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231

Jeffrey N. Pomerantz
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

/s/ *Julian P. Vasek*
Julian P. Vasek, Esq.

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03005 |
| v. | § | |
| | § | |
| NEXPOINT ADVISORS, L.P., | § | |
| | § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

EXHIBIT "B"

**DEBTOR'S AMENDED RESPONSES AND OBJECTIONS TO NEXPOINT ADVISORS,
L.P.'S REQUESTS FOR ADMISSIONS, INTERROGATORIES,
AND REQUESTS FOR PRODUCTION**

Highland Capital Management, L.P., ("Plaintiff" or the "Debtor") hereby responds to

*Defendant's Requests for Admissions, Interrogatories, and Requests for Production to Plaintiff*

(the "Requests")[2] served by NexPoint Advisors, L.P. ("NexPoint" or "Defendant") in the above-

captioned adversary proceeding (the "Adversary Proceeding").  The Debtor's amended responses

and objections to the Requests (the "Amended Responses") are made pursuant to Federal Rules of

Civil Procedure ("FRCP") 26, 33, and 34 as made applicable in bankruptcy cases pursuant to

Federal Rules of Bankruptcy Procedure 7026, 7033, and 7034.

**GENERAL OBJECTIONS**

Unless otherwise specified, the following general objections and caveats are applicable to

each and every Response and are incorporated into each Response as though set forth in full:

1.      The Responses contained herein are based upon information presently

known and ascertained by the Debtor.

2.      The Debtor objects to the Requests to the extent they seek information or

documents that are protected from discovery by the attorney-client privilege, the attorney work

product doctrine or any other privilege or immunity.  The inadvertent disclosure or production of

any document that is protected from discovery by any privilege or immunity shall not constitute a

waiver of any such privilege or immunity.  All references in these objections and responses to the

Debtor's agreement to produce documents shall be construed to mean non-privileged documents.

3.      The Debtor objects to the Requests to the extent they request information

that is not reasonably or readily available to it, in its possession, custody or control, or is more

---

[2] Capitalized terms not defined herein shall have the meanings set forth in the Requests.

readily available to NexPoint from another source or for which the burden of obtaining such information is not substantially greater for NexPoint than it is for the Debtor.

4.     The Debtor objects to the Requests to the extent they call for legal conclusions and/or legal analyses.

5.     All specific responses to the Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object to the use of such responses, or the subject matter thereof, on any ground in any further proceeding in this action; and (d) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

6.     The Debtor objects to the Requests to the extent they seek to expand on or conflict with Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and/or the Local Rules of the Bankruptcy Court for the Northern District of Texas.

7.     The Debtor's agreement to produce documents with respect to a specific Request shall not be construed as a representation that such documents actually exist or are within Plaintiff's possession, custody or control.

8.     These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth below.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**:

Admit that the Debtor was responsible for making payments under the Note on NexPoint's behalf pursuant to the Shared Services Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

The Debtor denies Request for Admission No. 1 on the ground that the Shared Services Agreement does not provide that the Debtor was responsible for making payments under the Note.

**REQUEST FOR ADMISSION NO. 2**:

Admit that the Debtor was responsible for causing payments to be made under the Note on NexPoint's behalf pursuant to the Shard Services Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

The Debtor denies Request for Admission No. 2 on the ground that the Shared Services Agreement does not provide that Debtor was responsible for causing payments to be made under the Note.

**REQUEST FOR ADMISSION NO. 3**:

Admit that the Debtor did not make the December Payment on NexPoint's behalf.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit, providing that NexPoint did not request that any such payment be made, and providing also that when the Debtor received instruction from NexPoint to make a payment during January 2021, it did make the payment.

**REQUEST FOR ADMISSION NO. 4**:

Admit that the Debtor did not cause the December Payment to be made on NexPoint's behalf.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit, providing also that when the Debtor received instruction from NexPoint to cause a payment to be made during January 2021, it did so.

**REQUEST FOR ADMISSION NO. 5**:

Admit that, pursuant to the Shared Services Agreement, the Debtor made a payment on the Debtor's behalf under the Note on or about December 31, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

The Debtor admits that it made a payment on NexPoint's behalf, and at NexPoint's request and instruction, under the Note on or about December 31, 2018. The Debtor otherwise denies Request for Admission No. 5 on the grounds that the Shared Services Agreement speaks for itself and the Debtor did not make any payment on its own behalf.

**REQUEST FOR ADMISSION NO. 6**:

Admit that, pursuant to the Shared Services Agreement, the Debtor caused a payment to be made on the Debtor's behalf under the Note on or about December 31, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

The Debtor admits that it caused a payment to be made on NexPoint's behalf, and at NexPoint's request and instruction, under the Note on or about December 31, 2018. The Debtor otherwise denies Request for Admission No. 6 on the grounds that the Shared Services Agreement speaks for itself and the Debtor did not make any payment on its own behalf.

**REQUEST FOR ADMISSION NO. 7**:

Admit that, pursuant to the Shared Services Agreement, the Debtor made a payment on the Debtor's behalf under the Note on or about December 31, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

The Debtor admits that it made a payment on NexPoint's behalf, and at NexPoint's request and instruction, under the Note on or about December 31, 2019. The Debtor otherwise denies Request for Admission No. 7 on the grounds that the Shared Services Agreement speaks for itself and the Debtor did not make any payment on its own behalf.

**REQUEST FOR ADMISSION NO. 8**:

Admit that, pursuant to the Shared Services Agreement, the Debtor made a payment on the Debtor's behalf under the Note on or about December 31, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

The Debtor admits that it caused a payment to be made on NexPoint's behalf, and at NexPoint's request and instruction, under the Note on or about December 31, 2019. The Debtor otherwise denies Request for Admission No. 8 on the grounds that the Shared Services Agreement speaks for itself and the Debtor did not make any payment on its own behalf.

**REQUEST FOR ADMISSION NO. 9**:

Admit that, prior to the alleged default on December 31, 2020, NexPoint never defaulted under the Note.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

If the Debtor contends that it was not responsible for making payments under the Note on NexPoint's behalf pursuant to the Shared Services Agreement, explain the legal and factual basis for such contention.

## RESPONSE TO INTERROGATORY NO. 1:

The Debtor objects to Interrogatory No. 1 on the ground that it seeks a legal conclusion or legal analysis. Subject to its objection, the Shared Services Agreement did not require that the Debtor to make payments under the Note on NexPoint's behalf. The Debtor further states that after the Debtor sent NexPoint the Default Letters, NexPoint did not contend that the Debtor was required to make payments under the Note on NexPoint's behalf. The Debtor's personnel processed the January Payment upon instruction from NexPoint.

## INTERROGATORY NO. 2:

If the Debtor contends that it was not responsible for causing payments to be made under the Note on NexPoint's behalf pursuant to the Shared Services Agreement, explain the legal and factual basis for such contention.

## RESPONSE TO INTERROGATORY NO. 2:

The Debtor objects to Interrogatory No. 2 on the ground that it seeks a legal conclusion or legal analysis. Subject to its objection, the Shared Services Agreement did not provide that the Debtor was responsible for causing payments to be made under the Note. The Debtor further states that after the Debtor sent NexPoint the Default Letters, NexPoint did not contend that the Debtor was required to make payments under the Note on NexPoint's behalf. The Debtor's personnel caused the January Payment to be processed upon instruction from NexPoint.

## INTERROGATORY NO. 3:

Provide the following information with respect to each payment made under the Note since its inception: (a) the date such payment was made; (b) the amount of such payment; (c) the individuals involved in making such payment or causing such payment to be made; (d) the account from which such payment was made; and (e) the method by which such payment was made.

**RESPONSE TO INTERROGATORY NO. 3:**

See **Exhibit A**.

**INTERROGATORY NO. 4:**

Describe in detail all steps the Debtor took, including by identifying every individual involved, to evaluate the Note, the December Payment, the January Payment, and/or the alleged default.

**RESPONSE TO INTERROGATORY NO. 4:**

The Debtor objects to Interrogatory No. 4 on the grounds that it calls for a legal conclusion or legal analysis, is vague and ambiguous, and is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1). Subject to its objection, the Debtor identifies the following individuals and entity in response to Interrogatory No. 4:

Jim Seery

Greg Demo

John Morris

Frank Waterhouse

Kristin Hendrix

DSI Consulting

**INTERROGATORY NO. 5:**

Describe in detail all steps the Debtor took, including by identifying every individual involved, to evaluate the Debtor's obligations to make a payment or cause a payment to be made under the Note on NexPoint's behalf.

**RESPONSE TO INTERROGATORY NO. 5:**

The Debtor objects to Interrogatory No. 5 on the grounds that it assumes the Debtor was obligated to make payments or cause a payment to be made under the Note on NexPoint's behalf. The Debtor further objects on the grounds that it calls for a legal conclusion or analysis, and is

overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1).  Subject to its objection, the

Debtor identifies the following individuals and entity in response to Interrogatory No. 5:

> Jim Seery
>
> Greg Demo
>
> John Morris
>
> Frank Waterhouse
>
> Kristin Hendrix
>
> Blair Hillis
>
> DSI Consulting

## INTERROGATORY NO. 6:

Identify all records the Debtor kept regarding services the Debtor provided to NexPoint under the Shared Services Agreement with respect to the Note, and indicate whether such records identify what employee(s) provided services, when such services were provided, and how much time was spent providing such services.

## RESPONSE TO INTERROGATORY NO. 6:

The Debtor does not possess information responsive to Interrogatory No. 6.

## INTERROGATORY NO. 7:

For each request for admission above that the Debtor did not unequivocally admit, explain the factual and legal basis for not doing so.

## RESPONSE TO INTERROGATORY NO. 7:

The Debtor objects to Interrogatory No. 7 on the grounds that it calls for a legal analysis

or legal conclusion, and is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1).

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Communications pursuant to which any director, officer, or employee of the Debtor was advised or instructed not to make the December Payment or to cause the December Payment to be made.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Subject to the General Objections, the Debtor is unaware of any documents responsive to

Request for Production No. 1.  Any Communications responsive to Request for Production No. 1

were verbal.

### REQUEST FOR PRODUCTION NO. 2:

All Communications between directors, officers, and/or employees of the Debtor related to the Note.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Subject to the General Objections, the Debtor will search for and produce documents

responsive to Request for Production No. 2.

### REQUEST FOR PRODUCTION NO. 3:

All Communications between directors, officers, and/or employees of the Debtor related to any and all defaults under the Note.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Subject to the General Objections, the Debtor will search for and produce documents

responsive to Request for Production No. 3.

### REQUEST FOR PRODUCTION NO. 4:

All Communications between directors, officers, and/or employees of the Debtor related to the December Payment.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Subject to the General Objections, the Debtor will search for and produce documents

responsive to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between directors, officers, and/or employees of the Debtor related to prior payments the Debtor made or caused to be made on NexPoint's behalf under the Note.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between directors, officers, and/or employees of the Debtor related to the January Payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications with third parties related to the Note.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 7.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications with third parties related to the December Payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 8.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications with third parties related to the January Payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 9.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications with third parties related to prior payments the Debtor made or caused to be made on NexPoint's behalf under the Note.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications with third parties related to any and all defaults under the Note.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications with the Committee (including, but not limited to, Communications solely between counsel for the Debtor and the Committee) related to the Note, any and all defaults under the Note, the December Payment, the January Payment, and/or the Default Letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 12.

**REQUEST FOR PRODUCTION NO. 13:**

All ledgers, statements, and accounting records related to payments made under the Note to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 13.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents pursuant to which the Debtor was authorized and/or required to make payments or cause payments to be made on NexPoint's behalf under the Note.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The Debtor objects to Request for Production No. 14 to the extent that it assumes that the Debtor was required to make payments or cause payments to be made on NexPoint's behalf under the Note.  Subject to its General and Specific Objections, the Debtor is not aware of documents otherwise responsive to Request for Production No. 14.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications pursuant to which the Debtor contends it was relieved of its obligation to make payments or cause payments to be made under the Note on NexPoint's behalf pursuant to the Shared Services Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The Debtor objects to Request for Production No. 15 to the extent that it assumes that the Debtor was obligated to make payments or cause payments to be made on NexPoint's behalf under the Note.  Subject to its General and Specific Objections, the Debtor is not aware of documents otherwise responsive to Request for Production No. 15.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications related to potentially marketing and/or selling the Note.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The Debtor objects to Request for Production No. 16 on the ground that it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 17:**

The Shared Services Agreement, including all amendments and supplements thereto, whether informal or formal, regardless of how documented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications construing the Debtor's obligations to NexPoint under the Shared Services Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The Debtor objects to Request for Production No. 18 on the ground that it is vague and ambiguous, overly broad, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications related to the scope of the Debtor's obligations to NexPoint under the Shared Services Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The Debtor objects to Request for Production No. 19 on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications identified in connection with Interrogatory 6 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The Debtor objects to Request for Production No. 20 on the ground that it is not aware of any such documents. Subject to the General and Specific Objections, the Debtor will search for and produce documents responsive to Request for Production No. 20.

**REQUEST FOR PRODUCTION NO. 21:**

All billing statements from Pachulski Stang Ziehl & Jones LLP and Hayward PLLC related to fees the Debtor seeks to collect in the Adversary Proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to the General Objections, the Debtor will search for and produce documents responsive to Request for Production No. 21.

Dated: May 11, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
(*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084)
(*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326)
(*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992)
(*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569)
(*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:     jpomerantz@pszjlaw.com
            ikharasch@pcszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## **EXHIBIT A**

**Response to Interrogatory No. 3**

**NexPoint Advisors**
**Note Receivable Payment Summary**

| Payment Date | Total Paid | Pmt Account | Pmt Method | Individuals Involved in Making Pmt |
|---|---|---|---|---|
| 10/20/2017 | 800,000.00 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 12/5/2017 | 1,301,504.99 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 4/10/2018 | 439,721.54 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 5/1/2018 | 146,573.85 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 5/9/2018 | 879,927.65 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 9/5/2018 | 280,765.40 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 9/21/2018 | 1,023,750.00 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 12/18/2018 | 294,695.10 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 3/29/2019 | 750,000.00 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 4/16/2019 | 1,300,000.00 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 6/4/2019 | 300,000.00 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 6/19/2019 | 2,100,000.00 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 7/9/2019 | 630,000.00 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 8/13/2019 | 1,300,000.00 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 12/30/2019 | 530,112.36 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |
| 1/14/2021 | 1,406,111.92 | NexBank Operating Acct *171 | Electronic Bank Transfer | Frank Waterhouse, Dave Klos, Kristin Hendrix, Blair Roeber |

EXHIBIT "A"