IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § <br> § <br> HIGHLAND CAPITAL MANAGEMENT, L.P., § <br> § <br> Debtor. § <br> § <br> HIGHLAND CAPITAL MANAGEMENT, L.P., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> NEXPOINT ADVISORS, L.P., JAMES § <br> DONDERO, NANCY DONDERO, AND THE § <br> DUGABOY INVESTMENT TRUST, § <br> § <br> Defendants. § | | Chapter 11 <br><br> Case No. 19-34054-sgj11 <br><br><br><br><br> Adversary Proceeding No. <br><br> 21-03005-sgj |

**STIPULATION BETWEEN HIGHLAND CAPITAL MANAGEMENT, L.P. AND NEXPOINT ADVISORS, L.P. REGARDING AFFIRMATIVE DEFENSE**

Highland Capital Management, L.P. ("Highland"), the plaintiff herein, and NexPoint Advisors, L.P. ("NexPoint"), one of the defendants herein, hereby stipulate and agree as follows:

1. By this Adversary Proceeding, and among other claims, Highland seeks to recover from NexPoint on that certain *Promissory Note* dated May 31, 2017 in the original principal amount of $30,746.812.33 (the "Note"). NexPoint has denied all liability.

2. Among NexPoint's defenses and affirmative defenses, NexPoint asserts that the Note had been prepaid such that the December 31, 2020 annual payment on the Note had been prepaid (the "Alleged Prepayment"). Highland denies that there is any validity to this or any other of NexPoint's defenses or affirmative defenses.

3. Without admitting that the Alleged Prepayment is an affirmative defense, as opposed to a defense, Highland and NexPoint agree that the *Defendant NexPoint Advisors, L.P.'s*

*Answer to Amended Complaint* [docket no. 64] sufficiently asserts the Alleged Prepayment such that no more specific reference to the Alleged Prepayment therein is needed under Rule 8(c).

4. For the avoidance of doubt, and to avoid additional motion practice, NexPoint agrees and acknowledges that (a) James Dondero, NexPoint's corporate representative, James Seery, Frank Waterhouse, Kristen Hendrix, and David Klos disclosed during their depositions all facts presently known to NexPoint concerning the Alleged Prepayment defense, (b) the only known documents concerning the Alleged Prepayment defense are the amortization schedule marked as an exhibit during the depositions of Kristin Hendrix and David Klos and the note itself (identified as Ex. 2 (Exhibit 1) and Ex. 200 on Docket No. 134) and (c) after conducting a reasonable search, NexPoint has no documents in its possession, custody and control concerning the Alleged Prepayment defense.

AGREED on this the 2d day of January , 2021.

| **MUNSCH HARDT KOPF & HARR, P.C.** | **PACHULSKI STANG ZIEHL & JONES LLP** |
|---|---|
| By: /s/ Davor Rukavina<br>Davor Rukavina<br>State Bar No. 24030781<br>Julian P. Vasek.<br>State Bar No. 24070790<br>500 N. Akard Street, Suite 3800<br>Dallas, Texas 75202-2790<br>Telephone: (214) 855-7500<br>Facsimile: (214) 978-4375<br>Email: drukavina@munsch.com<br>Email: jvasek@munsch.com<br><br>**ATTORNEYS FOR NEXPOINT ADVISORS, L.P.** | By: /s/ John A. Morris (*w/ permission*)<br>Jeffrey N. Pomerantz (CA Bar No.143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>E-mail: jpomerantz@pszjlaw.com<br>ikharasch@pszjlaw.com<br>jmorris@pszjlaw.com<br>gdemo@pszjlaw.com<br>hwinograd@pszjlaw.com<br><br>**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT, L.P.** |