# EXHIBIT 4



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed December 21, 2021

_____
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adversary Proceeding No. |
| vs. | § § | 21-03005-sgj |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST, | § § § § § | |
| Defendants. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adversary Proceeding No. |
| vs. | § § | 21-03006-sgj |
| | § | |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1

DOCS_NY:44447.8 36027/003

|  |  |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § § |
| Defendants. | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § |
| Plaintiff, | § § |
| vs. | § § |
| HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § § |
| Defendants. | § |

Adversary Proceeding No.

21-03007-sgj

## ORDER DENYING MOTIONS TO EXTEND EXPERT DISCLOSURE AND DISCOVERY DEADLINES

This matter having come before the Court on the (a) *Motion of Defendant NexPoint Advisors, L.P. to Extend Expert Disclosures and Discovery Deadlines* [Adv. Proc. 21-3005, Docket No. 86] (the "NexPoint Motion") filed by NexPoint Advisors, L.P. ("NexPoint"); (b) *Defendant Highland Capital Management Services, Inc.'s Motion to Extend Expert Disclosure and Discovery Deadlines* [Adv. Proc. 21-3006, Docket No. 91] (the "HCMS Motion") filed by Highland Capital Management Services, Inc. ("HCMS"); and (c) *Defendant HCRE Partners, LLC's Motion to Extend Expert Disclosure and Discovery Deadlines* [Adv. Proc. 21-3007, Docket No. 86] (the "HCRE Motion," and collectively with the NexPoint Motion and the HCMS Motion, the "Motions") filed by HCRE Partners, LLC ("HCRE," and collectively with NexPoint and HCMS, "Defendants"); and this Court having considered (i) the Motions; (ii) *Highland's Objection to Motion of Defendant NexPoint Advisors, L.P. to Extend Expert Disclosure and Discovery Deadlines* [Adv. Proc. 21-3005, Docket No. 104; Adv. Proc. 21-3006, Docket No. 109; Adv. Proc. 21-3007, Docket No. 104] (the "Objection") filed by Highland Capital Management, L.P. ("Highland"); (iii) the (a) *Reply of*

*Defendant NexPoint Advisors, L.P. in Support of Motion to Extend Expert Disclosure and Discovery Deadlines* [Adv. Proc. 21-3005, Docket No. 115] (the "NexPoint Reply") filed by NexPoint; and (b) *Highland Capital Management Services, Inc. and HCRE partners, LLC's Reply in Support of Defendants' Motion to Extend Expert Disclosure and Discovery Deadlines* [Adv. Proc. 21-3006, Docket No. 120, and Adv. Proc. 21-3007, Docket No. 115] (the "HCRE and HCMS Replies," and together with the NexPoint Reply, the "Replies") filed by HCRE and HCMS; and (iv) the arguments made during the hearing held on December 13, 2021 (the "Hearing"); and this Court having found that Defendants have not established "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure for the relief requested in the Motions; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motions in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth during the Hearing on these Motions, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motions are **DENIED**.

2. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

DOCS_NY:44447.8 36027/003