PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com


-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

-----------------------------------------------------------

|  |  |  |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | Adv. Proc. No. 21-03003-sgj |
| vs. | § § § | |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § | Case No. 3:21-cv-00881-X |
| Defendants. | § § § § | |

-----------------------------------------------------------

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

                      Plaintiff,

vs.

NEXPOINT ADVISORS, L.P., JAMES
DONDERO, NANCY DONDERO, AND
THE DUGABOY INVESTMENT TRUST,

                      Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

Adv. Proc. No. 21-03005-sgj

Case No. 3:21-cv-00881-X

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

                      Plaintiff,

vs.

HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC., JAMES DONDERO,
NANCY DONDERO, AND THE DUGABOY
INVESTMENT TRUST,

                      Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

Adv. Proc. No. 21-03006-sgj

Case No. 3:21-cv-00881-X

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

                      Plaintiff,

vs.

HCRE PARTNERS, LLC (n/k/a NexPoint
Real Estate Partners, LLC), JAMES
DONDERO, NANCY DONDERO, AND
THE DUGABOY INVESTMENT TRUST,

                      Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Adv. Proc. No. 21-03007-sgj

Case No. 3:21-cv-00881-X

---

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT FACTS ............................................................................................................... 2

    A.   HCMS Did Not Assert Its "Prepayment" Defense Until Discovery Was Nearly Complete............................................................................................................ 2

    B.   HCMS's Rule 30(b)(6) Witness Failed to Identify Any Substantive Facts Concerning HCMS's "Prepayment" Defense............................................................. 3

    C.   Plaintiff Rebuts NexPoint's "Prepayment" Defense in Its Summary Judgment Motion............................................................................................ 4

    D.   HCMS Proffers Allegations Concerning Its Prepayment Defense for the First Time in Its Response to Summary Judgment................................................................... 5

    E.   Plaintiff Rebuts HCMS's New "Prepayment" Allegations in Its Reply to Summary Judgment......................................................................................................... 6

ARGUMENT ......................................................................................................................... 6

    A.   Legal Standard ................................................................................................. 6

    B.   The Evidence in the Reply Appendix Is Proper Because It Rebuts an Argument Raised by HCMS in the Response........................................................................ 8

CONCLUSION.................................................................................................................... 11

i

## TABLE OF AUTHORITIES

**CASES**

*Banda v. Owens Corning Corp.*,
   NO. 3:17-CV-1787-B, 2018 WL 6726542 (N.D. Tex. Dec. 21, 2018) .................................. 7, 9

*Bernhardt v. Richardson-Merrell, Inc.*,
   892 F.2d 440 (5th Cir. 1990) ........................................................................ 9

*C&M Oilfield Rentals, LLC v. Location Illuminator Technologies, LLC*,
   18-CV-00039-DC-DF, 2020 WL 4708714 (W.D. Tex. July 13, 2020) ................................... 8

*Dethrow v. Parkland Health Hospital Sys.*,
   204 F.R.D. 102 (N.D. Tex. 2001) .............................................................. 10, 11

*Home Depot U.S.A., Inc. v. National Fire Ins. Co. of Hartford*,
   No. 3:06 CV 0073 D, 2007 WL 1969752 (N.D. Tex. June 27, 2007) ....................................... 9

*Hyde v. Hoffman-La Roche Inc.*,
   No. 3:04–CV–1473–B, 2008 WL 2923818 (N.D. Tex. July 30, 2008) ....................................... 9

*Keller v. Cox Radio, Inc.*,
   No. SA–08–CA–284–OG, 2009 WL 10700097 (W.D. Tex. April 30, 2009) ........................... 8

*Lawson v. Parker Hannifin Corp.*,
   2014 U.S. Dist. LEXIS 37085, 2014 WL 1158880, at (N.D. Tex. Mar. 20, 2014) ................... 8

*Lynch v. Union Pac. R.R. Co.*,
   No. 3:13-CV-2701-L , 2015 WL 6807716 (N.D. Tex. Nov. 6, 2015) .................................... 7, 9

*Murray v. TXU Corp.*,
   No. Civ.A. 303CV0888P, 2005 WL 1313412 (N.D. Tex. May 27, 2005) ............................ 7, 9

*Racetrac Petroleum Inc. v. J.J.'s Fast Stop Inc.*,
   No. Civ.A. 3:01–CV–1397, 2003 WL 251318 (N.D. Tex. Feb. 3, 2003) ........................ 10, 11

*Spring Indus. Inc. v. American Motorists Ins. Co.*,
   137 F.R.D. 238 (N.D. Tex. 1991) .............................................................. 10

*Van Alstyne v. GC Servs.*,
   LP, NO. H-08-3175, 2009 WL 10695068 (S.D. Tex. Dec. 11, 2009) ........................................ 8

ii

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO STRIKE APPENDIX IN
SUPPORT OF REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED
AGREEMENT DEFENDANTS**

Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in

the above-captioned chapter 11 case (the "Bankruptcy Case") and plaintiff in the above-referenced

adversary proceedings (collectively, the "Notes Actions"), hereby files this memorandum of law

in support of its opposition (the "Opposition") to *Defendants' Motion to Strike Appendix in

Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial

Summary Judgment Against the Alleged Agreement Defendants*[1] (the "Motion to Strike"), filed by

James Dondero, NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Services,

Inc. ("HCMS"), and HCRE Partners, LLC ("HCRE," collectively, with James Dondero, NexPoint,

and HCMS, "Defendants").[2]

**PRELIMINARY STATEMENT**[3]

1.     In their Motion to Strike, Defendants take issue with the Second Klos Declaration,

and for good reason: it rebuts HCMS's Prepayment Defense.

2.     HCMS's Prepayment Defense was not substantively addressed in the Summary

Judgment Motion or the First Klos Declaration because HCMS had failed to proffer any facts in

support of the defense until it filed its Response.  HCMS did not expressly assert the Prepayment

Defense in its Original Answer, its Amended Answer, or its Answer to Plaintiff's Amended

---

[1] *See* Adv. Proc. No. 21-03003, Docket No. 169; Adv. Proc. No. 21-03005, Docket No. 177; Adv. Proc. No. 21-03006, Docket No. 178; and Adv. Proc. No. 21-03007, Docket No. 173.

[2] Other than the fact that Mr. Dondero dominates and controls all of the Defendants and related parties, it is not at all clear (i) why Mr. Dondero or HCRE are making this Motion to Strike since neither is alleged to have made any "prepayments" or (ii) why NexPoint is making this Motion to Strike since the Second Klos Declaration does not address NexPoint's "prepayments" in any way.

[3] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

Complaint. During his deposition as HCMS's Rule 30(b)(6) witness, Mr. Dondero could not identify any substantive facts concerning HCMS's Prepayment Defense.

3.　　In their Response, Defendants proffer, for the first time, substantial assertions underlying HCMS's Prepayment Defense through Mr. Dondero's self-serving Declaration. The Second Klos Declaration is appropriately submitted with the Reply because it serves to rebut such factual assertions and arguments introduced for the very first time in opposition to the Summary Judgment Motion. Thus, contrary to Defendants' contention, the Second Klos Declaration does not constitute "new evidence" or "new issues" contemplated under Local Rule 56.7. Under Fifth Circuit law, the Second Klos Declaration is proper, admissible, and should be considered by the Court. The Motion to strike should be denied.[4]

### **RELEVANT FACTS**

### A.　**HCMS Did Not Assert Its "Prepayment" Defense Until Discovery Was Nearly Complete**

4.　　As is relevant to this matter, Plaintiff sued HCMS to collect amounts due and owing under a Term Note after HCMS failed to make the Annual Installment payment that was due on December 31, 2020. Ex. 3 ¶¶ 35-44, 56-69, Appx. 104-06, 108-09.[5]

5.　　In its Answer to Plaintiff's Amended Complaint, HCMS provided a list of affirmative defenses, none of which used the word "prepayment" or otherwise put Plaintiff on

---

[4] Rather than taking the unnecessary step of seeking leave to file the Second Klos Declaration as HCMS mistakenly suggests was required, Plaintiff could have moved to strike paragraphs 42-46 from Mr. Dondero's declaration on the ground that he did not make any of the assertions set forth therein during his deposition as the Rule 30(b)(6) witness for HCMS and NexPoint. But the Prepayment Defense is so devoid of merit that Plaintiff believed addressing it head on with the Second Klos Declaration was more efficient than engaging in further motion practice – proving again, that no good deed goes unpunished.

[5] Refers to the *Appendix in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03006, Docket No. 132] (the "Appendix").

notice that HCMS contended it had no obligation to make the Annual Installment due on December 31, 2020 because it had allegedly "prepaid." Ex. 16 ¶¶ 94-102, Appx. 451-52.[6]

**B.** **HCMS's Rule 30(b)(6) Witness Failed to Identify Any Substantive Facts Concerning HCMS's "Prepayment" Defense**

6. During discovery, Plaintiff served a deposition notice on HCMS pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "HCMS 30(b)(6) Notice"). The HCMS 30(b)(6) Notice required HCMS to tender a witness to testify about "each Affirmative Defense in [HCMS'] Answer, including but not limited to all facts and circumstances, Communications, and Documents Concerning each Affirmative Defense. *See* Answer ¶¶ 94-102." Ex. 48, Appx. 853 (Topic 2).

7. James Dondero ("Mr. Dondero") served as HCMS's corporate representative. Ex. 98 at 362:12-364:25, Appx. 1761-62. During his deposition, Mr. Dondero contended that under the affirmative defense of "justification and/or repudiation," HCMS had no obligation to make the Annual Installment due on December 31, 2020, because it had "prepaid" (the "Prepayment Defense"). Ex. 98 at 365:9-367:13, Appx. 1762. This was the first time HCMS put Plaintiff on notice that it was asserting a Prepayment Defense.

8. However, Mr. Dondero was unable to identify *any* substantive facts concerning the HCMS Prepayment Defense, including:

- how he learned that HCMS made a prepayment to Plaintiff;

- when he learned that HCMS made a prepayment to Plaintiff; or

- when the payments were made.

Ex. 98 at 367:14-370:11, Appx. 1762-63.

---

[6] The same is true with respect to HCMS's *Original Answer* (Adv. Pro. No. 21-03006, Docket No. 6 ¶¶ 53-56), and *First Amended Answer* (Adv. Pro. No. 21-03006, Docket No. 34 ¶¶ 53-57).

9.      The *only* "fact" Mr. Dondero identified during his deposition as HCMS' rule 30(b)(6) witness was his vague assertion that HCMS had made "numerous and material prepayments." Ex. 98 at 368:23-369:3, Appx. 1763.

## C.      Plaintiff Rebuts NexPoint's "Prepayment" Defense in Its Summary Judgment Motion

10.     On December 7, 2021, Plaintiff moved for partial summary judgment against Defendants for their breaches under the Notes [*see, e.g.*, Adv. Proc. 21-03006, Docket No. 129] (the "Summary Judgment Motion").

11.     As part of its Summary Judgment Motion, Plaintiff offered the *Declaration of David Klos in Support of Highland Capital Management L.P.'s Motion for Partial Summary Judgment in Notes Action* [Exhibit 210] (the "First Klos Declaration"). The First Klos Declaration addressed, among other things, allegations concerning *NexPoint's* Prepayment Defense. *See id.* ¶¶ 3-14.[7]

12.     Plaintiff was able to address NexPoint's Prepayment Defense because Plaintiff had notice of the factual allegations underlying NexPoint's Prepayment Defense, including the NexPoint amortization schedule relating to its Term Note. Specifically, the topic of NexPoint's Prepayment Defense was covered extensively by counsel in his depositions of Mr. Klos, Kristin Hendrix (Plaintiff's Controller), and James P. Seery, Jr. (Plaintiff's Chief Executive Officer). *See* Ex. 194 (Hendrix) at 76:10-82:9, Appx. at 3145-47; Ex. 195 (Klos) at 27:15-29:23, 36:11-51:7, 63:1-65:7, 110:18-114:14, 129:12-135:8, Appx. at 3188-94, 3197-98, 3209-10, 3214-15; *Appendix*

---

[7] To be clear, like HCMS, NexPoint failed to use the word "prepayment" in any of its pleadings or otherwise put Plaintiff on notice that NexPoint contended it had no obligation to make the Annual Installment due on December 31, 2020, because it had allegedly "prepaid." *Original Answer* (Adv. Pro. No. 21-03005, Docket No. 6 ¶¶ 39-41), *First Amended Answer* (Adv. Pro. No. 21-03005, Docket No. 50 ¶¶ 39-42), and *Answer to Amended Complaint* (Ex. 15 ¶¶ 80-86, Appx. at 435-36). Unlike HCMS, however, NexPoint identified the documents it was relying upon and put Plaintiff on notice of its contentions concerning its Prepayment Defense through its extensive examination of Plaintiff's witnesses.

*in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment* [Adv. Pro. No. 21-03006, Docket No. 158] ("Def. Appx.") Ex. 3A (Seery) at 66:14-68:3, 92:11-93:14, 141:21-142:6, Appx. 114, 120, 132-22.

13.     The First Klos Declaration did not address HCMS's Prepayment Defense for the simple reason that Plaintiff was unaware of the factual allegations underlying HCMS's Prepayment Defense.  No questions were asked of Plaintiff's witnesses concerning HCMS's Prepayment Defense and, as set forth above, Mr. Dondero failed to identify any substantive facts in support of that defense even though he was HCMS's corporate representative and HCMS was on notice that Plaintiff would inquire as to the facts, circumstances, communications, and documents concerning its affirmative defenses.

**D.     HCMS Proffers Allegations Concerning Its Prepayment Defense for the First time in Its Response to Summary Judgment**

14.     On January 20, 2022, Defendants (including HCMS and NexPoint) filed their response to the Summary Judgment Motion [*see, e.g.*, Adv. Proc. 21-03006, Docket Nos.156-58] (the "Response").

15.     As part of its Response, HCMS made arguments and offered evidence for the first time concerning its Prepayment Defense, including by relying on the HCMS Amortization Schedule.  *See Defendants' Memorandum of Law in Response to Plaintiff's Motion for Partial Summary Judgment* (the "Opposition"), Adv. Pro. 21-03006, Docket No. 157 ¶¶ 32-34; Def. Ex. 1 (Declaration of James Dondero) ¶¶ 42-46, Appx. 20-22, Def. Ex. 1A (HCMS Amortization Schedule), Def. Appx. 25.  Notably, during his deposition as HCMS's Rule 30(b)(6) witness, Mr. Dondero failed to identify a single fact that later appeared in his declaration in support of

5

Defendants' Response. *Compare* Dondero Deposition Testimony (Ex. 98 at 365:9-370:11, Appx. 1762-63) *with* Dondero Declaration (Def. Ex. 1 ¶¶ 42-46, Def. Appx 20-22).[8]

**E.**     **Plaintiff Rebuts HCMS's New "Prepayment" Allegations in Its Reply to Summary Judgment**

16.     On February 7, 2022, Plaintiff filed its *Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* [*see, e.g.*, Adv. Pro. No. 21-03006, Docket No. 165] (the "Reply"). In support of its Reply, Plaintiff included an appendix (the "Reply Appendix") containing two documents: (a) the *Reply Declaration of David Klos in Further Support of Highland Capital Management L.P.'s Motion for Partial Summary Judgment* (the "Second Klos Declaration") and (b) a stipulation concerning the admissibility of nearly all of the documents Plaintiff offered in support of its Summary Judgment Motion (the "Stipulation"). *See, e.g.*, Adv. Pro. No. 21-03006, Docket No. 166 ("Reply Appx.").[9]

17.     The Second Klos Declaration does nothing but rebut HCMS's factual allegations concerning HCMS's Prepayment Defense that were advanced for the first time in the Response. *See generally* Reply Appx. 4-6.

**ARGUMENT**

**A.**     **Legal Standard**

18.     Although Local Rule 56.7 generally prohibits parties from filing additional materials with a reply brief in support of summary judgment without leave of court, such rule applies ***only*** with respect to "***new*** issues, legal arguments, or theories." *Banda v. Owens Corning*

---

[8] HCMS has no excuse for waiting until its Response to identify facts relevant to its own Prepayment Defense. Plaintiff produced the HCMS Amortization Schedule (Def. Ex. 1A) on June 9, 2021, before HCMS served its Answer and First Amended Answer to the Amended Complaint, and more than four months before Mr. Dondero testified. *See Appendix in Support of Defendants' Opposition to Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment* at 3 ¶ 2.

[9] Curiously, HCMS does not appear to object to the inclusion of the Stipulation in Plaintiff's reply appendix.

6

*Corp.*, NO. 3:17-CV-1787-B, 2018 WL 6726542, at *4 (N.D. Tex. Dec. 21, 2018) (citing N.D. TEX. CIV. R. 56.7). Evidence is properly attached to a reply to summary judgment where, as here, it serves to rebut argument and evidence relied on by the nonmovant in their response. *See Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (denying motion to strike reply evidence despite [movant] not moving for leave to file such evidence where reply and related evidence were "specifically directed at and responsive to arguments and evidence in [nonmovant's] response," finding "this is not a situation in which a new issue was raised for the first time in a reply that would … require the court to strike the reply," and that "to conclude otherwise would allow [nonmovant] an unfair advantage in using a 'gotcha' procedural approach"); *Banda*, 2018 WL 6726542, at *4 (denying motion to strike evidence attached to reply appendix and exercising discretion to consider such evidence, despite party not seeking leave to file such evidence, because "it is directed at new allegations made by [nonmovant] in his response" to summary judgment, and "does not raise new issues, legal arguments, or theories"); *Murray v. TXU Corp.*, No. Civ. A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) (denying motion to strike reply appendix where contents of appendix did not raise "new arguments" or legal theories, but instead, "[a]ll of [movant's] arguments either rebut [nonmovant's] response, or bolster the arguments made in [movant's] initial motion").

19.    This approach is consistent with the purpose of a reply, which is to give the movant the final opportunity to be heard, and to *rebut* the nonmovant's response. *See Murray*, 2005 WL 1313412, at *4 ("The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and to *rebut* the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion") (emphasis in original) (internal quotations omitted).

7

**B.** **The Evidence in the Reply Appendix Is Proper Because It Rebuts an Argument Raised by HCMS in the Response**

20. The Second Klos Declaration is properly included in Plaintiff's reply because it rebuts Mr. Dondero's assertions in support of HCMS's "prepayment" defense made for the first time in the Response. This is precisely the type of evidence courts within the Fifth Circuit routinely consider on summary judgment. *See Van Alstyne v. GC Servs.*, *LP*, NO. H-08-3175, 2009 WL 10695068, at *7 (S.D. Tex. Dec. 11, 2009) (denying motion to strike evidence submitted by plaintiff in his reply to defendant's response to motion for summary judgment, where such evidence does not "constitute newly presented and untimely evidence" because it is "offered solely to respond to" an affirmative defense raised for the first time in defendant's response to summary judgment); *Keller v. Cox Radio, Inc.*, No. SA–08–CA–284–OG, 2009 WL 10700097, at *5 (W.D. Tex. April 30, 2009) (denying motion to strike evidence attached to reply in support of summary judgment where such evidence was in response to nonmovant's argument, raised by for the first time in her response, finding that reply evidence "was not a new argument, but a rebuttal argument that is proper in a reply"); *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, 18-CV-00039-DC-DF, 2020 WL 4708714, at *2 (W.D. Tex. July 13, 2020) (denying defendant's motion to strike declarations attached to plaintiff's reply in support of motion for summary judgment where the "new evidence" that defendant seeks to strike "are simply rebuttals to evidence that [defendant] *itself* introduced" for the first time through new declarations in response to plaintiff's motion for summary judgment) (emphasis in original); *Lawson v. Parker Hannifin Corp.*, 2014 U.S. Dist. LEXIS 37085, 2014 WL 1158880, at *5-6 (N.D. Tex. Mar. 20, 2014) (denying motion to strike evidence in reply appendix and considering it "in the interest of giving each party a full and fair opportunity to address the issue before the Court"); *Lynch* , 2015 WL

8

6807716, at *1 (same); *Banda*, 2018 WL 6726542, at *4 (same); *Murray*, 2005 WL 1313412, at *4 (same).

21.  Defendants' case cites in support of their Motion to Strike are inapplicable to the present facts. In *Home Depot U.S.A., Inc. v. National Fire Insurance Co. of Hartford*, No. 3:06 CV 0073 D, 2007 WL 1969752 (N.D. Tex. June 27, 2007), the court granted a motion to submit a second summary judgment motion against defendant, under Local Rule 56.2, to address an issue identified by the court's initial ruling on an earlier summary judgment motion. In broadly stating the purpose of Local Rule 56.7 is to address the "practice of filing supplemental materials, without leave of court, at any time while the motion was pending," the court was simply distinguishing this rule from Local Rule 56.2, which addresses the limit on the number of summary judgment motions that can be filed without leave of court. *Id.* at *5.

22.  *Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir. 1990) is equally irrelevant. There, the Fifth Circuit affirmed the district court's exclusion of an affidavit as untimely where such affidavit was first submitted two-and-a-half years after the motion for summary judgment was filed, after the district court issued its ruling on summary judgment, and where the party failed to seek a continuance to obtain necessary discovery prior to such ruling. Here, Plaintiff does not seek to submit evidence after summary judgment has been fully briefed or after a ruling on summary judgment, nor does it seek any continuance to obtain relevant discovery. Again, the Second Klos Declaration simply rebuts factual assertions raised for the first time in the Response.

23.  In *Hyde v. Hoffman-La Roche Inc.*, No. 3:04–CV–1473–B, 2008 WL 2923818 (N.D. Tex. July 30, 2008), the court denied plaintiff's motion to submit supplemental evidence into the summary judgment record under Local Rule 56.7 four years after the summary judgment

briefing was complete, where plaintiff did not specify what new evidence he wished to submit, such evidence had been available for years, and where "the opportunity to submit [relevant] evidence" had "come and gone." *Id.* at *4. Here, Plaintiff does not attempt to inject new evidence into the record, let alone years after the completion of summary judgment briefing.

24.     *Spring Industries, Inc. v. American Motorists Insurance Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) also does not support Defendants' argument. In *Spring*, a party moved for leave to file a reply brief to its motion to stay discovery under an outdated local rule requiring parties to seek leave of court before filing replies to responses, for the purpose of submitting additional evidentiary support for its motion. The court ultimately allowed the reply brief, explaining that the purpose of replies "is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion. The document is to contain argument, not new supporting materials." *Id.* at 239-240. Here, there is no issue whether a reply brief was permitted without leave of court. Plaintiff also did not submit the Second Klos Declaration for the purpose of adding evidentiary support for its own motion, but rather to directly rebut assertions raised for the first time in Defendants' Response.

25.     The court in *Racetrac Petroleum Inc. v. J.J.'s Fast Stop Inc.*, No. Civ. A. 3:01–CV–1397, 2003 WL 251318 (N.D. Tex. Feb. 3, 2003), granted a motion to strike reply evidence, but there was no indication whether such evidence was submitted for the specific purpose of rebutting new arguments raised for the first time in the defendant's response. *See also Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001) (issuing vague ruling striking evidence in reply appendix, without proving any background or otherwise specifying the nature of the prohibited evidence attached to the reply). Here, based on the parties' pleadings and the record as a whole, the purpose of the Second Klos Declaration is to rebut new arguments raised in

DOCS_NY:45355.6 36027/004

Defendants' response, not to introduce additional evidentiary support or new issues or theories. Under the law of Defendants' own case cites, such as *Racetrac* and *Dethrow*, the Second Klos Declaration is properly submitted with the Reply because it serves the singular purpose of rebutting arguments advanced in Defendants' Response. *See Racetrac*, 2003 WL 251318, at *19 ("[T]he purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence"); *Dethrow*, 204 F.R.D. at 104 ("[T]he purpose of a reply brief is to rebut the nonmovant's response").

26.     Accordingly, Defendants' Motion to Strike should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion to Strike.

11

Dated: March 18, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*