PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | §§§§§§§§§§§§§<br><br>Adv. Proc. No. 21-03003-sgj<br><br>Case No. 3:21-cv-00881-X |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>§<br>HIGHLAND CAPITAL MANAGEMENT FUND §<br>ADVISORS, L.P., §<br>§<br>§<br>§<br>§<br>Defendant. §<br>§ | Adv. Proc. No. 21-03004-sgj<br><br>Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>NEXPOINT ADVISORS, L.P., JAMES §<br>DONDERO, NANCY DONDERO, AND §<br>THE DUGABOY INVESTMENT TRUST, §<br>§<br>§<br>Defendants. § | Adv. Proc. No. 21-03005-sgj<br><br>Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>HIGHLAND CAPITAL MANAGEMENT §<br>SERVICES, INC., JAMES DONDERO, §<br>NANCY DONDERO, AND THE DUGABOY §<br>INVESTMENT TRUST, §<br>§<br>Defendants. §<br>§ | Adv. Proc. No. 21-03006-sgj<br><br>Case No. 3:21-cv-00881-X |

| | § | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03007-sgj |
| | § | |
| vs. | § | |
| | § | |
| | § | Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## HIGHLAND CAPITAL MANAGEMENT, L.P.'S OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFFS' SUPPLEMENTED NOTICE OF ATTORNEYS' FEES

Highland Capital Management, L.P. ("Highland"), by and through its undersigned counsel, hereby files this objection (the "Objection") to *Defendants' Motion for Leave to Supplement Their Argument Against Plaintiffs' Supplemented Notice of Attorneys' Fees* (the "Motion").[1] In support of its Objection, Highland states as follows:

### PRELIMINARY STATEMENT[2]

1.  In light of the Supplemental Motion Order and the Supplemental R&R recently entered by this Court, Defendants' objections in their Motion are arguably moot. However, to avoid the inevitable appeal on procedural grounds, Highland respectfully requests that the Court grant the Motion and overrule the objections on the merits in order to conserve judicial resources and limit (to some modest degree) the expenses Highland is needlessly being forced to incur.

---

[1] *See* Adv. Pro. No. 21-03003 at Docket No. 216; Adv. Pro. No. 21-03004 at Docket No. 185; Adv. Pro. No. 21-03005 at Docket No. 233; Adv. Pro. No. 21-03006 at Docket No. 238; and Adv. Pro. No. 21-03007 at Docket No. 233.
[2] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

2. Defendants identify two primary grievances: (a) PSZJ's rates are allegedly too high and (b) a PSZJ associate (Hayley Winograd) and legal assistant (La Asia Canty) inefficiently analyzed two motions and drafted Highland's responsive briefs and appendices. These feigned grievances are as outrageous as they are meritless.

3. The reasonableness of PSZJ's rates has been litigated and decided twice already. As a reminder, Mr. Dondero controls all of the Defendants and personally hired PSZJ three years ago to represent Highland with full knowledge of its rates. Moreover, a review of the docket in this case and others also demonstrates that PSZJ's rates are comparable with its Dallas-based competitors and have been approved in other cases pending in this District. Defendants' complaint concerning PSZJ's rates should be rejected for the third time.

4. Defendants' criticisms of PSZJ's time entries are equally meritless. In two short paragraphs, Defendants impugn Ms. Winograd and Ms. Canty by criticizing the time it took them to review Defendants' lengthy (but procedurally improper) motions and prepare draft responses and appendices. As shown below, the scope of the services provided establishes that Ms. Winograd and Ms. Canty were extraordinarily efficient. Of course, Defendants fail to suggest how much time they believe it should have taken Ms. Winograd and Ms. Canty to complete their work, nor did they present their own lawyers' time records for comparison. Instead, Defendants crassly toss out brief and conclusory allegations and force Highland to respond.

5. In order to move this process forward, the Motion should be granted but Defendants' "objections" to the Supplemental Invoices should be overruled on the merits.

**OBJECTION**

**A.     Procedural Background**

6.     On September 20, 2022, Highland, through counsel, informed Defendants[3] of the inadvertent omission of two invoices (out of dozens) (the "Supplemental Invoices") supporting Highland's request for legal fees and expenses in the Notes litigation. After Defendants ignored Highland's e-mail, Highland filed a motion to supplement on September 27, 2022 (the "Supplemental Motion").[4]

7.     On October 18, 2022, Defendants filed their opposition to the Supplemental Motion[5] arguing they were prejudiced by Highland's omission of the Supplemental Invoices but declining to challenge the Supplemental Invoices on the merits.[6]

8.     On October 24, 2022, this Court overruled Defendants' objections and entered an order granting the Supplemental Motion (the "Supplemental Motion Order").[7]

9.     On November 2, 2022, Defendants filed this Motion for the ostensible purpose of preserving their appellate rights and to lob a few needless of spurious objections.[8]

---

[3] "Defendants" means, collectively, James Dondero, Highland Capital Management Fund Advisors, L.P. ("HCMFA"), NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Services, Inc. ("HCMS"), and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC ("HCRE").

[4] *See Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* filed in Adv. Pro. No. 21-03003 at Docket No. 205; Adv. Pro. No. 21-03004 at Docket No. 174; Adv. Pro. No. 21-03005 at Docket No. 222; Adv. Pro. No. 21-03006 at Docket No. 227; and Adv. Pro. No. 21-03007 at Docket No. 222.

[5] *See* Adv. Pro. No. 21-03003 at Docket No. 210; Adv. Pro. No. 21-03004 at Docket No. 179; Adv. Pro. No. 21-03005 at Docket No. 227; Adv. Pro. No. 21-03006 at Docket No. 232; and Adv. Pro. No. 21-03007 at Docket No. 227.

[6] In their Motion, Defendants assert that they "could not formally comment on invoices ***which had not yet been admitted into evidence***." Motion at 3 (emphasis in original). But that's not what they said in their opposition to the Supplemental Motion where they simply (and implausibly) complained that 28 days was not enough time to review two invoices. *See, e.g.,* Adv. Pro. No. 21-03003 at Docket No. 210 at 4. Defendants' assertion is also contradicted by the Motion itself: Defendants did not wait for the Court to grant their motion for leave to supplement before addressing the merits. Defendants could have, and should have, presented their objections in opposition to the Supplemental Motion. But enough. The Court should grant the Motion and overrule the "objections" on the merits.

[7] *See* Adv. Pro. No. 21-03003 at Docket No. 212; Adv. Pro. No. 21-03004 at Docket No. 181; Adv. Pro. No. 21-03005 at Docket No. 229; Adv. Pro. No. 21-03006 at Docket No. 234; and Adv. Pro. No. 21-03007 at Docket No. 229.

[8] Motion at 3, n.3.

3

B. **Defendants' Third Challenge to PSZJ's Rates is—like the others—Meritless**

10. Defendants' first complaint is that Highland's primary counsel, Pachulski Stang Ziehl & Jones LLP ("PSZJ"), allegedly "charged rates far in excess of the customary rates in the Northern District of Texas, and are therefore unreasonable . . ." Motion at 4. This is Defendants' third challenge to PSZJ's rates and it fares no better than the earlier ones.[9]

11. Indeed, the issue of PSZJ's rates has already been determined by this Court. First, on November 11, 2021, this Court applied the so-called *Johnson* factors[10] and approved PSZJ's fees and rates as reasonable.[11] Then, on November 10, 2022, this Court recommended that the District Court overrule Defendants' objection to, among other things, PSZJ's rates.[12] These rulings should not have come as a surprise because courts in this District have recently approved PSZJ's fee applications (including PSZJ's rates) in other cases.[13]

12. Nevertheless, Defendants persist. As they did in their earlier objection, the ***only*** fact that Defendants rely on to support their contention that PSZJ's fees are "far in excess of the customary rates in the Northern District of Texas" is a comparison of the rates charged by Highland's local counsel, Hayward PLLC ("Hayward"). Motion at 4-5. But that does not hold

---

[9] The prior challenges were lodged by some or all of the Defendants in connection with (a) the estate professionals' final fee applications ("Final Fee Applications"), and (b) Highland's request for fees and expenses in the Notes Litigation. *See Omnibus Objection and Response of NexPoint Advisors, L.P., Creditor and Party in Interest Under 11 U.S.C. § 1109(b), Pursuant to 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016 to Final Fee Applications Submitted by Various Estate Professionals* [Docket No. 2977 ¶ 30]; *Supplemental Omnibus Response of NexPoint Advisors, L.P., Creditor and Party in Interest Pursuant to 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016 to Final Fee Applications Submitted by Various Estate Professionals* [Docket No. 3015 ¶ 37]; *Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs* [Adv. Pro. No. 21-03003, Docket No. 204 at 20-21].

[10] *Johnson v. Georgia Highway Express, Inc.*, 488 F.3d 714 (5th Cir. 1974).

[11] *See Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP*, Case No. 19-34054-sgj11, Docket No. 3047 (Bankr. N.D. Tex. Nov. 22, 2021).

[12] *See Supplement to Report and Recommendation dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Pro. No. 21-03003, Docket No. 217 at 16] (the "Supplemental R&R").

[13] *See, e.g., In re Tuesday Morning Corp., et al.*, Case No. 20-31476-hdh11, Docket No. 221, (Bankr. N.D. Tex. Apr. 1, 2021); *In re Studio Movie Grill Holdings, LLC, et al.*, Case No. 20-32633-sgj11, Docket No. 989 (Bankr. N.D. Tex. Jul. 9, 2021).

4

up, and Mr. Dondero—of all people—should know that since *he personally hired both firms to represent Highland in this bankruptcy case*.

13. During the hearing on the Final Fee Applications, Highland and PSZJ lauded Hayward's work, but—most respectfully—the comparison is not "apples to apples." PSZJ is widely recognized as having one of the premiere bankruptcy practices in the country, with nearly 80 restructuring professionals located in offices in Los Angeles, New York, Wilmington, San Francisco, and (ironically) Houston. It is a matter of public record that PSZJ serves as lead counsel to debtors and creditors' committees in some of the largest and most complex bankruptcies anywhere and regularly competes against firms with Dallas offices such as Kirkland & Ellis, Akin Gump Strauss Hauer & Feld LLP, Weil Gotshal & Manges and DLA Piper LLP whose hourly rate structures exceed PSZJ's (often by significant amounts). In comparison, Hayward is a considerably smaller, regional firm that does not generally compete on the same level.

14. Instead, a more appropriate comparison would be to the Dallas-based attorneys at Sidley Austin LLP ("Sidley"), a firm with a national practice that represented the official committee of unsecured creditors in this case. A quick review of Sidley's fee applications shows hourly rates in excess of PSZJ's so-called "coastal" rates. Hayley Winograd graduated from law school in 2017 and joined PSZJ as an associate in 2020 following a judicial clerkship.[14] In 2021, PSZJ charged $695 per hour for Ms. Winograd's time. At the same time, Sidley charged $815 per hour for Juliana Hoffman (a 2017 restructuring associate); $715 per hour for Chandler Rognes (a 2019 litigation associate); and $885 for Elliot Bromagen (a 2017 restructuring associate in Sidley's

---

[14] Defendants suggest that Ms. Winograd's hourly rate is above some unidentified "market rate." Motion at 6. As shown, that is inaccurate.

"non-coastal" Chicago office).[15] Based on the foregoing, the hourly rate charged by PSZJ for its associate is actually less than the rates charged by one of its competitors.[16]

15. If Mr. Dondero believed that PSZJ's rates were too high, he could have hired any Dallas-based firm he wanted to serve as Highland's lead bankruptcy counsel. He did not and his current complaint lacks any factual basis or credibility and should be rejected for the third time.

C. **Defendants' Gratuitous Attack on Ms. Winograd in Connection with the Expert Objection Is Meritless**

16. In a single paragraph, Defendants complain that Ms. Winograd spent 44.8 hours preparing Highland's initial draft response to the *Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* (the "NexPoint's Expert Objection")[17] which they derisively describe as being "only 25 pages in length, with 12 of the 25 pages consisting of factual background." Motion at 6. A cursory review of NexPoint's Expert Objection and Highland's response proves that, if anything, Ms. Winograd was incredibly efficient.

---

[15] *See Twenty-First Monthly and Final Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Monthly Fee Period from July 1, 2021 Through and Including August 11, 2021 and for the Final Fee Period from October 29, 2019 Through and Including August 11, 2021*, Case No. 19-34054-sgj11, Docket No. 2904 at iv (Bankr. N.D. Tex. Oct. 8, 2021). Defendants also challenge John Morris' 2021 billing rate of $1,245 per hour (which they misstate as $1,265). Mr. Morris is a senior litigation partner at PSZJ who graduated law from school in 1990. Mr. Morris' rate is lower than that of Penny Reid, a Dallas-based Sidley litigation partner. A 1989 graduate, Ms. Reid's 2021 billing rate was $1,400, more than 10% higher than Mr. Morris' rate. *See Id*.

[16] Reference to Sidley and the specific attorneys is for purposes of comparison only and is not intended as a challenge to their rates or skill. To the contrary, PSZJ was impressed by Sidley's advocacy and the results they helped obtain for their constituents in this case.

[17] Case No. 3:21-cv-00880-X, Docket No. 21. HCMS and HCRE joined in NexPoint's Expert Objection. *See, e.g.*, Case No. 3:21-cv-01378-X, Docket No. 26.

6

17. NexPoint filed its Expert Objection on January 5, 2022, along with a brief ("NexPoint's Brief")[18] and an appendix ("NexPoint's Appendix")[19] in support thereof. NexPoint's Brief was 17 pages long and cited to 10 different cases and multiple statutes and rules. NexPoint's Appendix included 12 items spanning nearly 900 pages.

18. As reflected in PSZJ's time records, Ms. Winograd reviewed and analyzed NexPoint's Objection, NexPoint's Brief, and NexPoint's Appendix and then prepared Highland's objection to NexPoint's Expert Motion,[20] including Highland's brief[21] and appendix[22] in support thereof. Highland's brief in opposition to NexPoint's Expert Objection was 25 pages long and cited to 45 cases and seven statutes and rules, and was supported by an appendix containing 18 items and spanning over 1,750 pages.

19. That Ms. Winograd—working on her own—was able to wade through NexPoint's Expert Objection and supporting documentation, complete the legal research, and prepare a lengthy objection in just 45 hours is a testament to her efficiency and skill. Not surprisingly, Defendants never state how many hours they believe it should have taken Ms. Winograd to complete this work, nor did they have the temerity to make their lawyers' time records available for comparison.

---

[18] *Brief in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-00880-X, Docket No. 22].

[19] *Appendix in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-00880-X, Docket No. 23].

[20] *Highland Capital Management, L.P.'s Objection and Response to Objections to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-881-X, Docket No. 37] ("Highland's Response"). Highland's Response was filed in Case No. 3:21-cv-00881-X after the Notes Cases were consolidated (*see* Case No. 3:21-cv-00881-X, Docket No. 24) and in accordance with subsequent filings (*see* Case No. 3:21-cv-00881-X, Docket Nos. 25 and 27).

[21] *Brief in Support of Highland Capital Management, L.P.'s Objection and Response to Objections to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-00881-X, Docket No. 38].

[22] *Appendix in Support of Highland Capital Management, L.P.'s Objection and Response to Objections to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-00881-X, Docket No. 39].

20. Defendants' objection to Ms. Winograd's efforts in opposing NexPoint's Expert Objection should be overruled.

**D. Defendants' Gratuitous Attack on Ms. Winograd and Ms. Canty in Connection with the Amendment Objection Is Also Meritless**

21. In passing, Defendants also complain that Ms. Winograd spent 35 hours, and Ms. Canty spent 13.9 hours, preparing Highland's initial draft response to the *Objection of Highland Capital Management Fund Advisors, L.P. to Order Denying Motion to Amend Answer* (the "HCMFA's Amendment Objection"),[23] which they minimize as one "straightforward" brief. Motion at 6. Defendants do not identify the time entries they object to or explain how they came up with aggregate hours that are the subject of their grievance. Yet, again, a cursory review of relevant documents proves that, if anything, Ms. Winograd and Ms. Canty were incredibly efficient.

22. HCMFA filed its Amendment Objection on January 27, 2022, along with a brief ("HCMFA's Brief")[24] and an appendix ("HCMFA's Appendix")[25] in support thereof. HCMFA's Brief was 21 pages long and cited to 20 different cases and multiple statutes and rules. HCMFA's Appendix included 17 items exceeding over 2,700 pages in total.

23. As reflected in PSZJ's time records, Ms. Winograd reviewed and analyzed HCMFA's Objection, HCMFA's Brief, and HCMFA's Appendix and then prepared Highland's

---

[23] Case No. 3:21-cv-00881-X, Docket No. 34. Defendants' suggestion that they were confused as to which of their motions Ms. Winograd and Ms. Canty worked to respond to (Motion at 6) is undermined by the facts that (a) they were able to aggregate the hours they complained of to the tenth of an hour, and (b) the HCMFA Amendment Objection was the only objection they filed besides NexPoint's Expert Objection. While Defendants failed to specify the time entries they are actually griping about, Highland believes they relate to the work required to respond to HCMFA's Amendment Motion.

[24] *Brief in Support of Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00880-X, Docket No. 35].

[25] *Appendix in Support of Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00880-X, Docket No. 36].

objection to the Amendment Motion,[26] including Highland's brief[27] and appendix[28] in support thereof. Highland's brief in opposition to HCMFA's Amendment Objection was 25 pages long and cited to 43 cases and eight different statutes and rules, and was supported by an appendix containing 26 items and spanning over 900 pages. As reflected in the Supplemental Invoices, Ms. Canty assisted in the preparation of the appendix and supporting the team as she always does.

24.  That Ms. Winograd and Ms. Canty were able to wade through HCMFA's Amendment Objection and supporting documentation, complete the legal research, and prepare a lengthy objection in fewer than 50 hours is, again, a testament to their efficiency and skill. Notably, Defendants never state how many hours they believe it should have taken Ms. Winograd and Ms. Canty to complete this work, nor did they have the temerity to make their lawyers' time records available for comparison.

25.  Defendants' crass objection to Ms. Winograd's and Ms. Canty's efforts in opposing HCMFA's Amendment Objection should be overruled.

## CONCLUSION

For the foregoing reasons, Highland respectfully requests that this Court deny the Motion and grant such other relief the Court deems just and proper.

*[Remainder of Page Intentionally Blank]*

---

[26] *Highland Capital Management, L.P.'s Objection and Response to Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00881-X, Docket No. 44].

[27] *Brief in Support of Highland Capital Management, L.P.'s Objection and Response to Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00881-X, Docket No. 45].

[28] *Appendix in Support of Highland Capital Management, L.P.'s Objection and Response to Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00881-X, Docket No. 46].

| | |
|---|---|
| Dated: November 17, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)<br>John A. Morris (NY Bar No. 2405397) (*pro hac vice*)<br>Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)<br>Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Tel:  (310) 277-6910<br>Fax:  (310) 201-0760<br>Email:     jpomerantz@pszjlaw.com<br>               jmorris@pszjlaw.com<br>               gdemo@pszjlaw.com<br>               hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel:  (972) 755-7100<br>Fax:  (972) 755-7110<br>Email:     MHayward@HaywardFirm.com<br>               ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P.* |

10